**STATE of North Dakota, Plaintiff and Respondent,**

**v.**

**Darrell BINNS, Defendant and Appellant.**

**Crim. No. 418.**

Supreme Court of North Dakota.

Feb. 8, 1972.

757

Helgi Johanneson, Atty. Gen., Bismarck, and Lester J. Schirado, State's Atty., Mandan, for plaintiff and respondent.

C. J. Schauss, Mandan, for defendant and appellant.

STRUTZ, Chief Justice.

On the evening of October 3, 1970, Wilbert Bier, a deputy sheriff of Morton County, was making a routine check of an area two miles north of the city of Mandan, near a cabin used by the Girl Scouts. Officials in charge of the Girl Scout program had requested that such checks be made by the sheriff's office at regular intervals because of vandalism that had been committed there. As the deputy sheriff drove up to the Girl Scout campsite, he saw an automobile parked, without lights, near the cabin. He drove to a point some ten to fifteen feet from the front of the parked car, with his lights shining on it, and stopped. As he stopped, he could see two persons in the front seat of the vehicle, one of whom he recognized. He got out of his patrol car and went to the

parked vehicle, with an electric torch in his hand. He then saw that there were five persons in the automobile, two in front and three in the back. As the officer approached the automobile, one of the windows of the parked car was rolled down and he noted the unmistakable odor of marijuana. The officer had attended peace officers schools and at such schools had learned how to identify marijuana, both by sight and by its odor when burning.

When the officer reached the automobile, he asked the person in the driver's seat to produce his driver's license. After a brief search, this individual told the officer that he did not have his driver's license with him. The officer then requested the occupants of the car to get out for the purpose of enabling him to search the automobile for marijuana. Such search resulted in the discovery of a plastic bag on the rear seat between where the defendant and the middle occupant had been seated. The officer recognized the contents of the plastic bag to be marijuana.

After the search, all the persons who had been in the car were placed under arrest on suspicion of possession of marijuana and were taken to the Morton County jail. There, additional items were taken from the pockets of the defendant by the defendant himself and handed to the officer.

Charges against all occupants of the car except the defendant have been dismissed. It is admitted that the officer had no warrant for a search of the automobile and that such search was conducted before any arrests were made. A motion by the defendant to suppress the evidence thus obtained by the officer, as a result of what the defendant asserts was an illegal search, was denied by the trial court. The defendant was tried to the court without a jury and was found guilty. He now appeals from the sentence and from the judgment of conviction.

On appeal, the defendant asserts that the officer lacked probable cause to make a search of the automobile in which the defendant had been sitting. The first issue for this court to determine, therefore, is whether probable cause for a search of the automobile did, in fact, exist before the search was made.

The United States Supreme Court has held that an automobile and other conveyances may be searched without warrant under circumstances which would not justify the search of a house or an office without warrant, provided there is probable cause to believe that the car contains articles which the officers are authorized to seize. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970).

■ In *Carroll*, the court held that a search warrant is unnecessary where there is probable cause to search the automobile. The court pointed out that an automobile is easily movable and the occupants have been alerted. The car's contents very likely never will be found if a warrant first must be secured before the car can be searched. Hence an immediate search is constitutionally permissible. The circumstances facing the officer demand prompt action, and the courts will not require that a warrant first be obtained before holding such search constitutional.

■ We believe, in this case, that the circumstances justified a warrantless search of the automobile, since the odor of burning marijuana which the officer recognized, and which he knew was coming from the automobile, gave him probable cause to believe that a felony was being committed. The automobile was a fleeting object which could have been moved, had the officer first gone to secure a search warrant. He had probable cause to search the car, and a search warrant was unnecessary. When his search produced material which the officer knew was marijuana, he had probable cause for making the arrests. Chambers v. Maroney, *supra*.

Our law provides that a peace officer, without warrant, may arrest a person when a felony has been committed and he has reasonable cause to believe the person arrested committed it. Sec. 29–06–15(3), N.D. C.C., as amended. In the case at bar, the officer was justified in making the arrest under Section 29–06–15(1), as amended, also. That subsection provides that a peace officer may, without warrant, arrest a person—

"1. For a public offense, committed or attempted in his presence; and for the purpose of this subsection a crime shall be deemed committed or attempted in his presence when what the officer observes through his senses reasonably indicates to him that a crime was in fact committed or attempted in his presence by the person arrested."

Here, the defendant was believed to have committed the crime of having marijuana in his possession, which is punishable as a felony. Chap. 231, 1969 S.L. The officer, through his sense of smell, had reasonable cause to believe that the person arrested had committed a public offense, and this, under Section 29–06–15(1), justified the warrantless arrest.

■ The defendant makes much of the decision of the United States Supreme Court in Johnson v. United States, 333 U. S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948), in which case the United States Supreme Court held that where officers traced the odor of burning opium to a hotel room and demanded entry without a search warrant, such entry did not operate as a waiver of the defendant's constitutional rights against illegal searches and seizures. However, we would point out that courts repeatedly have upheld warrantless searches of automobiles, even though a warrantless search of a home, an apartment, a hotel room, or an office, under similar circumstances, would not have been upheld. Chambers v. Maroney, *supra*. As the United States Supreme Court said in *Chambers,* at page 1979,

"In terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office."

The court pointed out that a survey of the law from the time of the adoption of the Fourth Amendment discloses that courts have held that automobiles and other conveyances may be searched without warrants under circumstances that would not justify a search without a warrant of a home or an office, provided there is probable cause to believe that the automobile contains articles that the officer is entitled to seize. Therefore, if the search of an automobile without warrant is made upon probable cause, based upon a reasonable belief arising out of the circumstances known to the officer—that the automobile contains articles which are subject to seizure—the search is valid.

■ Finally, the defendant urges that there were five persons in the automobile and that the officer had no knowledge upon which he could base a belief that anyone in the car possessed marijuana, much less which individual had possession. Several of those who were in the car, as it was parked on the night in question, testified that the defendant had the marijuana. It is true that they were accomplices, and that in this State a conviction may not be had upon the testimony of an accomplice unless the testimony of the accomplice is corroborated by other evidence tending to connect the defendant with the commission of the offense. Sec. 29–21–14, N.D.C.C.; State v. Helmenstein, 163 N.W.2d 85 (N. D.1968).

However, every material fact testified to by an accomplice need not be corroborated. State v. Marcovitz, 63 N.D. 458, 248 N.W. 481 (1933). All that is necessary is that such corroboration connect the defendant with the commission of the offense. State v. Foster, 69 N.D. 428, 287 N.W. 517 (1939).

There was ample testimony in this case to corroborate the testimony given by the accomplices. The officer testified that marijuana was found on the seat where the defendant had been sitting; further, that he had in his possession a pipe and other paraphernalia which had been used in the smoking of marijuana. This evidence corroborates the testimony of the accomplices connecting the defendant with the commission of the offense of possession of marijuana.

See also, N.D., 186 N.W.2d 127.

We hold that the trial court properly denied the defendant's motion to suppress the evidence thus obtained. The judgment of conviction therefore is affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.