STATE of North Dakota,
Plaintiff/Appellee,

v.

Clifford MEADOWS,
Defendant/Appellant.

Cr. No. 591.

Supreme Court of North Dakota.

Oct. 12, 1977.

See also, N.D., 253 N.W.2d 436.

Hjellum, Weiss, Nerison, Jukkala & Vinje, Jamestown, for appellant; argued by James A. Wright, Jamestown.

John E. Greenwood, Asst. State's Atty., Jamestown, for appellee.

PAULSON, Judge.

This is an appeal by the defendant, Clifford Meadows [hereinafter Meadows], from the judgment of conviction entered January 25, 1977, by the Stutsman County District Court, finding Meadows guilty of carrying a pistol in a motor vehicle without a license, in violation of § 62–01–05 of the North Dakota Century Code. Meadows, at his arraignment in the district court, made a motion to suppress evidence, wherein he alleged that the discovery of the pistol was the result of an unreasonable search and seizure prohibited by the Fourth and the Fourteenth Amendments to the United States Constitution and by Article I, § 18 of the North Dakota Constitution. Meadows' motion to suppress evidence was denied following a hearing held on said motion on January 20, 1977. The issue presented by Meadows on this appeal is whether the district court committed prejudicial error when it denied the motion to suppress evidence.

Stutsman County Deputy Sheriff Cel Novak [hereinafter Novak] observed Meadows driving a motor vehicle in the city of Jamestown while drinking beer from a bottle on October 5, 1976. Novak further observed Meadows park the vehicle near the Northwest Y truck stop in Jamestown, get out of his vehicle, and walk toward the station or cafe. Within seconds thereafter, Novak drove alongside Meadows' vehicle. Novak then observed, through the windows of Meadows' vehicle, an opened six-pack of Miller's beer on the passenger's side of the vehicle with one bottle of beer missing therefrom and one open bottle of Miller's beer on the floorboard on the driver's side. Novak did not enter Meadows' vehicle at that time; instead, he attempted to locate Meadows. Novak walked to the cafe where Mrs. Meadows [Clifford's mother] was standing in the doorway. She informed Novak that she had not seen Meadows. Novak then walked to the garage portion of the Northwest Y truck stop, toward three men. He asked them if the driver of the car was there. One of the men responded that "Cliff, he is in the back here some place". Novak "glanced" toward the back of the building but did not see Meadows. Novak then returned to Meadows' vehicle and, without a search warrant, entered the vehicle, seized the open bottle of beer and the five unopened bottles of beer in the six-pack, and continued to search for more alcoholic beverages in the glove compartment, in the console, and beneath the seats. Novak did not find any more alcoholic beverages, but he discovered a .22 pistol in the console. Immediately after Novak discovered the pistol, Meadows walked toward his vehicle from the station and asked what

Novak was doing with "my gun and my beer". Meadows admitted the pistol was his and that he did not have a permit for it. Novak then issued a citation to Meadows for violation of North Dakota's open bottle law, § 39–08–18, N.D.C.C.

Meadows was later charged with violating § 62–01–05, N.D.C.C., by carrying a pistol in a motor vehicle without a permit. Meadows moved to suppress use of the pistol as evidence. The district court denied the motion to suppress, and Meadows was convicted of violating § 62–01–05, N.D.C.C. Meadows appeals the judgment of conviction on the ground that the district court committed prejudicial error when it denied the motion to suppress evidence.

 The Fourth and the Fourteenth Amendments to the United States Constitution and Article I, § 18 of the North Dakota Constitution prohibit unreasonable searches and seizures. Evidence obtained by a search and seizure in contravention of these constitutional provisions is inadmissible in state courts. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). *State v. Matthews*, 216 N.W.2d 90, 99 (N.D.1974). A warrantless search and seizure by a police officer is constitutionally permissible only if there is compliance with the following two prerequisites: (1) the officer must have probable cause to believe that seizable items are located in the place to be searched; and (2) the circumstances must bring the search within one of the exceptions to the rule that a search must be based upon a valid search warrant. *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Stockert*, 245 N.W.2d 266 (N.D. 1976). We turn first to the issue of probable cause.

## PROBABLE CAUSE

 The search of an automobile, with or without a warrant, must be made upon probable cause, based upon a reasonable belief arising out of the circumstances known to the officer, that the automobile contains articles which are subject to seizure. *Chambers v. Maroney, supra; State v. Binns*, 194 N.W.2d 756, 759 (N.D.1972).

Whether nor not probable cause exists to make a search is a determination dependent upon the particular facts and circumstances of each case. *State v. Kolb*, 239 N.W.2d 815, 817 (N.D.1976).

In the instant case, Novak observed Meadows simultaneously driving a motor vehicle and drinking beer. Novak further observed Meadows park his vehicle and walk toward the Northwest Y truck stop. Novak parked his vehicle alongside Meadows' vehicle in order to further investigate the situation, and observed through the windows of Meadows' vehicle an open bottle of beer and a partially opened six-pack of beer. Novak attempted to locate Meadows and he then returned to Meadows' vehicle and seized the beer. Novak then searched the interior of the vehicle for more alcoholic beverages in the glove compartment, in the console, and beneath the seats, which search resulted in his discovery of the .22 pistol. Meadows states in his brief that:

> "The Appellant does not dispute the fact that the Officer had the right to seize the beer which was in 'plain view'."

Meadows' objection is, instead, directed toward Novak's search of the interior of the vehicle after he had seized the beer. The ultimate question, therefore, is whether Novak, after seizing the open bottle of beer he had observed through the windows of Meadows' vehicle, had probable cause to believe that additional open receptacles of alcohol, subject to seizure, were located in Meadows' vehicle.

 As a law enforcement officer, Novak was acting properly and responsibly when he followed Meadows into the Northwest Y truck stop parking area to further investigate what appeared to be a possible violation of North Dakota's open bottle law, § 39–08–18, N.D.C.C. This further investigation placed Novak in a position to lawfully view the beer through the windows of Meadows' vehicle. It is well settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence. *Harris v.*

*United States*, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

After Novak seized the beer from Meadows' vehicle, he proceeded to search the interior of the vehicle for more alcohol. The following apt observation by the United States Supreme Court, in *Brinegar v. United States*, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879 (1949), is helpful in determining the question of whether Novak had probable cause to believe that more open receptacles of alcohol were located in Meadows' vehicle:

"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . . .

. . . . .

"These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

The constitutional requirement mandates that Novak's search must have been made upon probable cause, based upon a reasonable belief arising out of the circumstances known to Novak at the time, that Meadows' vehicle contained seizable articles. The reasonableness of Novak's belief, however, should be judged in light of the practical and factual considerations law enforcement personnel are called to act upon in their myriad of duties.

During the suppression hearing, Meadows' attorney questioned Novak as to what probable cause he had for searching the interior of Meadows' vehicle. Novak responded

"A. Because of the open container already in it, and the bottle taken out of the six-pack, and, of course, the odor of alcohol in the car."

Meadows' attorney, later in the hearing, again asked Novak what was his probable cause for searching the vehicle. Novak responded

"A. I already seized some of it and through many years of investigation not all the time but most of the time the party with alcoholic beverages and they are consuming it on the road that they have a bottle or more concealed some place."

Novak, was, therefore, confronted with the following circumstances upon which he believed there was probable cause to search the interior of Meadows' vehicle. (1) Novak had observed Meadows drinking beer while driving the vehicle; (2) there was an open bottle of beer and a partially opened six-pack of beer in the vehicle; (3) there was an odor of alcohol in the vehicle; and (4) Novak's prior experience was that most of the time a party consuming alcoholic beverages on a highway also has more alcohol concealed in the vehicle. This court simply cannot say, on the record before us, that Novak's belief that Meadows' vehicle contained more open receptacles of alcohol was an unreasonable belief. We conclude that Novak had probable cause to search the interior of Meadows' vehicle.

Novak's search of Meadows' vehicle was made without a search warrant. We therefore turn next to the issue of whether this search came within one of the exceptions to the rule that a search must be made upon a valid search warrant.

## WARRANTLESS SEARCH AND SEIZURE

■ All searches made without a valid search warrant are unreasonable unless, in

addition to probable cause, they are shown to come within one of the exceptions to the rule that a search must be made upon a valid search warrant. *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Gagnon*, 207 N.W.2d 260, 263 (N.D.1973); *State v. Matthews*, 216 N.W.2d 90, 99 (N.D.1974).

■ Meadows asserts on appeal that Novak's warrantless search could not be justified as being incident to a valid arrest. We agree. It was after Novak had seized the beer and the pistol that Meadows walked from the Northwest Y truck stop toward Novak. This was the first instance in which they had met face to face that day. The search and discovery of the pistol occurred prior to any discourse between them. Assuming, *arguendo*, that Novak arrested Meadows subsequent to their meeting that day, the prior warrantless search and seizure by Novak could not be justified as incident to that arrest. There are, however, other exceptions to the warrant requirement rule which may serve to justify Novak's warrantless search.

■ The courts have traditionally upheld warrantless searches of automobiles under circumstances in which the warrantless search of a home, apartment, or office would not have been upheld. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Binns*, 194 N.W.2d 756, 759 (N.D.1972). The reasons for this distinction are, first, that the inherent mobility of automobiles creates exigent circumstances wherein, as a practical necessity, rigorous enforcement of the warrant requirement is impossible; and, secondly, the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 3095–3096, 49 L.Ed.2d 1000 (1976). Nevertheless, the United States Supreme Court has also stated "The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears". *Coolidge v. New Hampshire*, 403 U.S. 443, 461, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Thus, the warrantless search of an automobile is justified only where there are exigent circumstances, in addition to probable cause, which require immediate action. *State v. Gagnon, supra* 207 N.W.2d at 264.

■ In the instant case, the circumstances incident to Novak's search of Meadows' vehicle were that: (1) Novak had observed Meadows drinking beer and driving a vehicle immediately prior to Meadows' parking the vehicle in the Northwest Y truck stop parking area; (2) Novak had been informed that Meadows was somewhere in the Northwest Y building just a short distance from Meadows' parked vehicle; (3) Mrs. Meadows and other persons inside the Northwest Y building had been alerted to the fact that Novak was looking for Meadows; (4) Meadows' vehicle was located on property freely accessible to the public; and (5) Meadows' vehicle was unlocked, making the interior easily accessible. Under this set of circumstances we conclude that the warrantless search of the automobile was justified and constituted a reasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, § 18 of the North Dakota Constitution. Meadows' vehicle was easily movable, Meadows was in the immediate vicinity, and several persons, including Meadows' mother, were alerted to the fact that Novak was looking for Meadows as the driver of the vehicle. It is conceivable that seizable evidence could have been removed from Meadows' vehicle, or that the vehicle itself could have been moved from Novak's jurisdiction, if Novak had been required to first obtain a search warrant prior to searching the interior of Meadows' vehicle.

■ Meadows asserts that exigent circumstances did not exist to justify Novak's warrantless search of the vehicle's interior because, prior to the search, Novak had already seized sufficient evidence (i. e., an open bottle of beer) to convict Meadows of a violation of the open bottle statute, § 39–08–18, N.D.C.C. We disagree with Meadows' assertion. Clearly, the courts should not prevent law enforcement officers from searching for and seizing eviden-

tiary items merely because they might already have sufficient evidence to sustain a conviction. Such a rule would unnecessarily restrict law enforcement officers in their attempts to apprehend law violators and to preserve evidence of the violations.

The rationale of *State v. Binns*, 194 N.W.2d 756 (N.D.1972), is applicable to the instant case even though there are certain distinguishing facts.

In *Binns*, the police officer approached an automobile occupied by five persons in which he smelled the odor of marijuana emanating from the vehicle. The officer requested the occupants to get out of the car for the purpose of enabling him to search it. His search resulted in the discovery of a bag of marijuana. After the search all persons who had been in the car were placed under arrest on charges of possession of marijuana. This court, following the rationale of *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925), concluded that the warrantless search of the automobile was justified since the vehicle was easily movable, the occupants were alerted, and the officer had probable cause to believe that the car contained seizable items. As in *Binns, supra*, the officer in the instant case had probable cause to believe seizable items were located in the vehicle, the vehicle was easily movable, and several persons within the immediate vicinity were alerted to the officer's activity. Such factors gave rise to the distinct likelihood that the vehicle or the seizable items therein would have been moved had the officer been required to obtain a warrant prior to making his search.

In *Binns, supra*, the occupants of the car were standing around the vehicle at the time the officer searched it, whereas, in the instant case, Meadows was in a building a short distance away from his parked vehicle when it was searched. Under the entire set of circumstances in the instant case, however, we do not believe this distinguishing fact negates the existence of exigent circumstances sufficient to justify the warrantless search. See *United States v. Pheaster*, 544 F.2d 353, 374 (9th Cir. 1976);

and *United States v. McClain*, 531 F.2d 431, 433 (9th Cir. 1976), for the proposition that exigent circumstances may exist which justify the warrantless search of an automobile even though it is not occupied during or immediately prior to the search thereof.

We hold that Novak, at the time he searched the interior of Meadows' vehicle, had probable cause to believe that seizable items were located therein, and that there were sufficient exigent circumstances requiring immediate action by Novak to justify his warrantless search of the vehicle's interior.

We further hold that the district court properly denied Meadows' motion to suppress the evidence. The judgment of conviction is, therefore, affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.