2009 ND 129

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Eric Thurston ZWICKE, Jr., Defendant and Appellant.**

No. 20090002.

Supreme Court of North Dakota.

July 9, 2009.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Eric Thurston Zwicke, Jr. appealed from an order deferring imposition of sentence following a conditional plea of guilty to the charge of possession of marijuana by a driver. On appeal, Zwicke argues the district court erred when it denied his motion to suppress evidence obtained during a search of his vehicle. We affirm the court's denial of Zwicke's motion to suppress, as the search falls under the automobile exception to the warrant requirement, and we affirm the order deferring imposition of sentence.

I.

[¶ 2] On June 6, 2008, two deputies with the Burleigh County Sheriff's Department stopped a pickup traveling south of Bismarck after noticing the vehicle did not have a front license plate, displayed expired registration tabs on the rear license plate, and the three individuals inside were not wearing seatbelts. Upon approaching the vehicle, Zwicke was identified as the driver, and the officers detected the odor of alcohol emanating from the interior of the truck. All three individuals in the truck initially denied having consumed alcohol; however, Zwicke told the officers there was alcohol inside the vehicle.

[¶ 3] Zwicke was asked to exit the vehicle to perform sobriety tests, and provided a breath sample which indicated a blood—alcohol reading of .015%. The officers then had K.S.—a 19–year old passenger in the truck-exit the vehicle, and detected the odor of alcohol on her breath. K.S. denied she had consumed any alcohol that day. She then provided the officers with a breath sample which provided a reading of .083%. K.S. again denied drinking any alcohol that day, but stated she had consumed a large amount of alcohol the prior evening. The officers asked the other passenger to exit the vehicle, and proceeded to search the truck. Inside the vehicle the officers found an unopened box of beer behind the driver's seat as well as two unopened bottles of wine. In a cloth cargo compartment on the rear of the front passenger seat the officers found a small sandwich bag containing marijuana. Zwicke informed the officers that the marijuana belonged to him. The officers cited Zwicke for not wearing a safety belt and for failing to register his vehicle. The officers informed Zwicke he might later be charged with possession of marijuana by a driver, and told K.S. she could be charged with minor in possession or consumption of alcohol.

[¶ 4] On June 23, 2008, a complaint was issued charging Zwicke with possession of marijuana by a driver, and K.S. with minor in possession or consumption of alcohol. On August 18, 2008, Zwicke entered a plea of not guilty, and subsequently moved to suppress all evidence obtained in the search of his vehicle, arguing the search was prohibited by the Fourth Amendment to the United States Constitution and Article I, Section 8 of the North Dakota Constitution. The district court denied his motion, finding the search of Zwicke's vehicle was valid as a search incident to arrest. In reaching its decision, the district court reasoned that, while no arrest had been made at the time of the search, the officers were justified in their actions as they had probable cause to arrest. Zwicke subsequently entered a conditional guilty plea pursuant to Rule 11(a)(2), N.D.R.Crim.P., preserving his right to appeal the district court's denial of his motion to suppress.

II.

[¶ 5] Zwicke argues the district court erred when it found the search of his

vehicle was valid as a search incident to arrest. Specifically, Zwicke contends there could not have been a search incident to a lawful arrest as no arrest was made contemporaneous with the search of his vehicle.

[¶ 6] When reviewing a district court's ruling on a motion to suppress, this Court defers to the district court's findings of fact and will affirm the district court's decision unless there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. *State v. Gregg*, 2000 ND 154, ¶ 19, 615 N.W.2d 515. Whether the facts found by the trial court meet a legal standard is a question of law which is fully reviewable on appeal. *State v. Haibeck*, 2004 ND 163, ¶ 8, 685 N.W.2d 512.

[¶ 7] All searches and seizures must be reasonable under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution. *Sayler v. N.D. Dep't of Transp.*, 2007 ND 165, ¶ 18, 740 N.W.2d 94. When an individual reasonably expects privacy in an area, the government must obtain a search warrant unless the search falls within a recognized exception to the warrant requirement. *State v. Dunn*, 2002 ND 189, ¶ 4, 653 N.W.2d 688. If no exception to the warrant requirement applies, the evidence obtained in violation of the Fourth Amendment protections against unreasonable searches and seizures must be suppressed as inadmissible under the exclusionary rule. *Id.*; *see also State v. Winkler*, 552 N.W.2d 347, 351–52 (N.D.1996) (holding that searches conducted in violation of the Fourth Amendment are per se unreasonable, and thus any evidence found during such a search must be suppressed).

[¶ 8] A search conducted incident to an arrest is a well-established exception to the warrant requirement. *State v. Kunkel*, 455 N.W.2d 208, 210 (N.D.1990) (citing *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)); *but see Arizona v. Gant*, —— U.S. ——, —— ——, 129 S.Ct. 1710, 1718–19, 173 L.Ed.2d 485 (2009) (limiting search-incident-to-arrest exception to situations where police could reasonably believe an individual has access to his vehicle at the time of the search). For such a search to be valid, it must be made contemporaneous in time and close in proximity to the place of arrest. *State v. Haverluk*, 2000 ND 178, ¶ 9, 617 N.W.2d 652. While this Court has not previously considered whether there must be an actual arrest corresponding to a search incident to arrest, the district court in this case adopted a holding of the Minnesota Court of Appeals in determining that a search incident to arrest is proper, even if a formal arrest does not occur, so long as the officers had probable cause to arrest at the time of the search. *See State v. Bauman*, 586 N.W.2d 416, 421 (Minn.App.1998); *cf. State v. Overby*, 1999 ND 47, ¶ 8, 590 N.W.2d 703 (holding a warrantless search preceding an arrest is reasonable if probable cause to arrest existed before the search and the arrest and search are substantially contemporaneous). We need not presently address the issue of whether there must be a valid arrest to permit a search incident to arrest, however, as the search of Zwicke's vehicle was permitted under the automobile exception to the warrant requirement.

[¶ 9] Under the automobile exception, law enforcement officers may search for illegal contraband without a warrant when probable cause exists. *State v. Doohen*, 2006 ND 239, ¶ 10, 724 N.W.2d 158. Probable cause exists to search a vehicle if it is established that

"certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Wamre*, 1999 ND 164, ¶ 6, 599 N.W.2d 268. If a warrantless search of an automobile is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles which are subject to seizure, the search is valid. *State v. Binns*, 194 N.W.2d 756, 759 (N.D.1972).

[¶ 10] Here, K.S. provided a breath sample to the officers, which indicated she had a blood-alcohol content of .083%. K.S.'s breath sample provided probable cause that K.S. had committed the crime of minor in consumption of alcohol. Furthermore, Zwicke's admission to the officers that there was alcohol in the car, coupled with the evidence that K.S. had consumed alcohol, would be enough to provide a reasonable belief that K.S. had actual control over those beverages in the vehicle, thus violating the law prohibiting minors from being in possession of alcohol. *See Interest of K.S.*, 500 N.W.2d 603, 608 (N.D.1993) (holding that for a minor to be charged with minor in possession of alcohol, the minor must have exercised some degree of actual dominion or control over an alcoholic beverage). The officers therefore had probable cause to search the vehicle for the alcohol, as it constituted an identifiable object connected with K.S.'s criminal activity.

[¶ 11] Zwicke contends there existed no exigent circumstance at the time of the search which would warrant the application of the automobile exception. Specifically, Zwicke notes that this Court has previously held that the warrantless search of a vehicle under the automobile exception is justified only where there are exigent circumstances, in addition to probable cause, which require immediate ac-

tion. *See State v. Meadows*, 260 N.W.2d 328, 332 (N.D.1977). However, since this Court decided *Meadows*, the United States Supreme Court has held that, for purposes of the automobile exception to the warrant requirement, there need not exist exigent circumstances beyond the mobility of the vehicle and probable cause to believe the car contains contraband. *See Maryland v. Dyson*, 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (stating that "no separate exigency requirement" exists when the car is readily mobile and probable cause exists to believe it contains contraband). In *Meadows*, this Court did note that mobility of the vehicle was enough of an exigent circumstance to justify a search under the automobile exception. *See Meadows*, 260 N.W.2d at 333 (holding a warrantless automobile search is justified if the vehicle is easily movable, the occupants are alerted to the officer's activity, and the officer has probable cause to believe the car contains seizable items). Such circumstances trigger the automobile exception because of the distinct likelihood that the vehicle or seizable items may never be found again if a warrant must be obtained. *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Nevertheless, to the extent that *Meadows* can be read to require something more than mobility for exigent circumstances, we overrule that part of our decision in that case.

[¶ 12] Here, Zwicke had already informed the officers that there was alcohol located in the truck, and K.S.'s breath sample indicated that she had illegally consumed alcohol, the combined force of which gave the officers probable cause to believe the vehicle contained seizable items. Further, had the officers let the passengers in the truck leave without first searching for the alcohol in the vehicle, there would have been virtually no possi-

bility of later seizing the alcohol as evidence of K.S.'s legal violations. By the time the officers would have obtained a warrant, and sought out Zwicke's vehicle again, there would have been a near certitude that the evidence would have been either moved or disposed of.

[¶ 13] Zwicke further argues that it was unnecessary for the officers to seize the alcohol from the vehicle, as they already had enough evidence to charge K.S. with minor in consumption or possession of alcohol. However, this Court has previously held that the courts should not prevent law enforcement officers from searching for and seizing evidence merely because the officers might already have sufficient evidence to sustain a conviction. *Meadows,* 260 N.W.2d at 332–33. Adopting such a rule would unnecessarily restrict officers in their attempts to both apprehend law violators and preserve evidence of the violations. *Id.* at 333. Therefore, the officers were justified in their initial decision to search the vehicle for the alcohol, which ultimately led to the discovery of the bag of marijuana.

### III.

[¶ 14] We hold the officers had probable cause to believe Zwicke's vehicle contained seizable evidence, and the officers were justified in conducting a warrantless search of the vehicle under the automobile exception to the warrant requirement. We affirm the district court's denial of Zwicke's motion to suppress, and we affirm the order deferring imposition of sentence.

[¶ 15] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.