2010 ND 39

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ballam Hezeakiah DUDLEY, Defendant and Appellant.**

**No. 20090293.**

Supreme Court of North Dakota.

March 16, 2010.

Gary E. Euren (argued), Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Kurt Porter (argued), appearing under the Rule on the Limited Practice of Law by Law Students, and Steven M. Light (appeared), Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ballam Dudley appeals from a criminal judgment entered upon a conditional guilty plea. We hold the district court did not err by denying Dudley's motion to suppress because the North Dakota Highway Patrol trooper reasonably suspected the vehicle contained contraband and sufficient probable cause existed to justify the warrantless searches. We affirm the judgment.

I.

[¶ 2] On the night of November 3, 2008, a North Dakota Highway Patrol trooper stopped a vehicle driven by Dudley on Interstate 94 in Fargo. The trooper stopped the vehicle because he believed its window tint was too dark and violated state law. The trooper approached Dudley's vehicle on the passenger side and, upon peering into it with the aid of a flashlight, noticed small pieces of a green leafy substance on the center console. The trooper asked Dudley to accompany him back to the patrol vehicle, where he checked Dudley's driver's license. The check indicated Dudley's license had been suspended, and the trooper placed Dudley under arrest for driving under suspension. The trooper then re-approached Dudley's vehicle and asked the passenger to sit in his patrol vehicle while he conducted a search. The trooper searched the vehicle and found three one-pound bags of marijuana in the trunk, as well as marijuana and drug paraphernalia in the passenger's purse. After arresting the passenger for possession of marijuana, the trooper impounded Dudley's vehicle. The trooper

did not work for the next few days, but researched the vehicle in the impound lot on his first day back at work. During the second search, the trooper found a metal can with a false opening that smelled like marijuana.

[¶ 3] The State charged Dudley with driving under suspension and possession of marijuana with intent to deliver or manufacture. Dudley filed a motion to suppress the evidence found during the search of the vehicle following the traffic stop and the subsequent search in the impound lot. Dudley argued the trooper did not have probable cause to justify the searches. At a hearing on the motion, the trooper testified: "While I was at the vehicle, in the center console, gear shift area, I seen what appeared to be marijuana residue, little green leaves, kind of scattered throughout that area there." The trooper stated he believed the leaves were marijuana because "[i]f you look closely at marijuana leaves, they almost kind of glisten, have got some type of crystalize to it, I guess. That's what I saw that night." Although the stop took place at night, the trooper stated he could see inside the vehicle with the aid of his flashlight, plus "I-94 is lit up very well with large skylights continuously down the highway."

[¶ 4] Dudley argued the trooper did not have probable cause to search the vehicle because he did not reasonably suspect the vehicle contained contraband. The district court denied Dudley's motion. The district court found: "The Trooper reasonably believed, given the totality of the circumstances, that the little, green, leafy particles around the gear shifter and center console were marijuana and he reasonably believed that more marijuana and contraband would be concealed in the car." Therefore, the district court concluded the trooper had probable cause to search the entire vehicle, and the trooper could legal-

ly do so without a warrant under the automobile exception to the Fourth Amendment. The district court also concluded the trooper legally searched Dudley's vehicle after it was impounded. The district court reiterated the trooper had probable cause to search the vehicle after observing what he reasonably believed were marijuana leaves and stated this probable cause "did not vanish merely because two days had passed."

[¶ 5] After the district court denied Dudley's motion to suppress, he entered a guilty plea conditioned on the outcome of this appeal. The district court entered a criminal judgment for possession of marijuana with intent to deliver or manufacture and driving under suspension. Dudley now appeals, arguing this Court should hold the district court erroneously denied his motion to suppress evidence.

## II.

[¶ 6] In reviewing a district court's decision on a motion to suppress, this Court grants deference to the district court's factual findings. *State v. Haibeck,* 2004 ND 163, ¶ 8, 685 N.W.2d 512 (citing *State v. Gregg,* 2000 ND 154, ¶ 19, 615 N.W.2d 515 (citations omitted)). However, "[w]hether the facts found by the trial court meet a legal standard is a question of law which is fully reviewable on appeal." *State v. Zwicke,* 2009 ND 129, ¶ 6, 767 N.W.2d 869.

[¶ 7] The Fourth Amendment of the U.S. Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Under the Fourth Amendment, when a person reasonably expects privacy, the government must obtain a warrant before conducting a search unless the search falls within a recognized exception to the warrant requirement. *Gregg,* 2000

ND 154, ¶ 23, 615 N.W.2d 515. One recognized exception is the automobile exception. *Zwicke,* 2009 ND 129, ¶ 9, 767 N.W.2d 869.

Under the automobile exception, law enforcement officers may search for illegal contraband without a warrant when probable cause exists. *State v. Doohen,* 2006 ND 239, ¶ 10, 724 N.W.2d 158. Probable cause exists to search a vehicle if it is established that "certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Wamre,* 1999 ND 164, ¶ 6, 599 N.W.2d 268 [ (quoting *State v. Frohlich,* 506 N.W.2d 729, 731 (N.D. 1993) (citation omitted)) ]. If a warrantless search of an automobile is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles which are subject to seizure, the search is valid. *State v. Binns,* 194 N.W.2d 756, 759 (N.D.1972).

*Zwicke,* at ¶ 9. In addition, in determining whether a law enforcement officer reasonably believed an automobile contained articles subject to seizure, courts take into account the "inferences and deductions that a trained and experienced officer makes." *State v. Guthmiller,* 2002 ND 116, ¶ 15, 646 N.W.2d 724 (quoting *State v. Olson,* 1998 ND 41, ¶ 24, 575 N.W.2d 649).

[¶ 8] Dudley argues the district court erroneously concluded the trooper had probable cause to search the vehicle because, under the totality of the circumstances, the trooper did not reasonably believe the vehicle contained marijuana. Dudley claims the trooper could not have reasonably believed the vehicle contained marijuana because he was standing outside the vehicle, observed small "specs" of a green leafy substance, and did not smell

marijuana. Dudley argues the green leafy substance was inherently innocent, and upholding the district court's decision would permit law enforcement to perform near-limitless searches of the vehicles of farmers, gardeners, and others who deal with green leafy substances.

[¶ 9] Dudley's argument overlooks one key factor regarding the district court's decision. The trooper testified: "If you look closely at marijuana leaves, they almost kind of glisten, have got some type of crystalize to it, I guess. That's what I saw that night." In apparent reference to this testimony, the district court found: "The Trooper, utilizing his training and experience, believed the leaves to be marijuana residue." Thus, despite Dudley's claims to the contrary, the trooper did not observe an inherently innocent green leafy substance. Rather, the trooper observed a green leafy substance with specific characteristics of marijuana leaves. Based upon this observation, and taking into account the trooper's training and experience, the district court was not clearly erroneous to find the trooper reasonably believed the vehicle contained marijuana. Therefore, the district court did not err by denying Dudley's motion to suppress because the trooper's reasonable belief created probable cause to perform a warrantless search of the vehicle under the automobile exception to the Fourth Amendment.

[¶ 10] Dudley also argues the district court erred by denying his motion to suppress evidence discovered when the trooper searched the vehicle at the impound lot. However, Dudley conceded if this Court concluded the trooper had probable cause to perform the initial search, the trooper also had probable cause to search the vehicle at the impound lot. Therefore, because the trooper had probable cause to perform the initial search, we hold the district court did not err by denying Dudley's motion to

suppress evidence discovered during the search at the impound lot.

## III.

[¶ 11] We hold the district court did not err by denying Dudley's motion to suppress because the North Dakota Highway Patrol trooper reasonably suspected the vehicle contained contraband and sufficient probable cause existed to justify the warrantless searches. We affirm the judgment.

[¶ 12] GERALD W. VANDEWALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.