Filed 8/11/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 151

State of North Dakota, Plaintiff and Appellee

v.

Adam Timothy Sommer, Defendant and Appellant

No. 20100348

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kara Schmitz Olson (appeared), Assistant State’s Attorney, and Christopher Redmann (argued), third-year law student, appearing under the rule on the limited practice of law by law students, P.O. Box 2806, Fargo, ND 58108-2806, for plaintiff and appellee.

Mark A. Beauchene, P.O. Box 1680, Fargo, ND 58107-1680, for defendant and appellant.

State v. Sommer

No. 20100348

VandeWalle, Chief Justice.

[¶1] Adam Timothy Sommer appealed from a criminal judgment entered upon his conditional plea of guilty to three drug offenses.  We affirm.

I.

[¶2] In February 2010, an informant told members of the Fargo Police Department Sommer was transporting marijuana and possibly heroin from the state of Washington to North Dakota.  Detectives confirmed Sommer’s identity with the informant by showing the informant a picture.  The informant also provided information about Sommer’s employment and telephone number, which detectives confirmed by comparing that information to Sommer’s website for his automotive repair business.  The informant told law enforcement how Sommer had talked about the location Sommer used in his garage to store drugs and that Sommer used his white Chevy truck to transport the drugs.

[¶3] After receiving this information from the informant, Detective Vinson of the Fargo Police Department obtained search warrants for Sommer’s apartment and business, which were located in the same building complex.  Detective Vinson called Sommer’s business number to determine his whereabouts and, as a pretext, asked to have work done to his car.  Sommer was traveling, but on his way back to Fargo.  Law enforcement began conducting surveillance and then observed Sommer’s white truck drive to the location of his business.

[¶4] Police first executed the search warrant for Sommer’s apartment. Sommer was in the apartment at the time of the search.  Police seized marijuana and drug paraphernalia.  They arrested Sommer and took him to the Cass County jail.  Police also executed the search warrant for Sommer’s business.  Other individuals were in the business at the time of the search; some were in possession of marijuana and drug paraphernalia.  Police seized this contraband.  Police also seized additional marijuana and paraphernalia in the business, and some of the people who were present indicated Sommer owned the contraband.  A trained dog assisted in the search of the apartment, the business, and the vehicle.  The dog gave signs indicating the presence of drugs in the apartment and the vehicle.

[¶5] Because the informant told police that Sommer was carrying large amounts of drugs from Washington to North Dakota yet the police found only small amounts in Sommer’s apartment and business, police decided to search Sommer’s vehicle without a warrant specifying the vehicle.  The vehicle was parked outside the door to the apartment, but police moved the vehicle inside Sommer’s automotive shop because of winter weather conditions.  In order to move the vehicle, a detective drove to the jail, obtained Sommer’s set of keys without his knowledge or consent, and brought the keys back to the search site.  Detective Vinson searched the vehicle.  Trying to smell any drugs, he let out some air in each of the four tires but did not smell any contraband.  He then examined the spare tire, released some air, and sensed a “very strong odor of marijuana.”  Police seized two to three pounds of marijuana found in the spare tire.

[¶6] Sommer was charged with possession of marijuana with intent to deliver or manufacture, possession of paraphernalia, and possession of marijuana.  He moved to suppress evidence seized as a result of the warrantless search of his vehicle, arguing the search was unconstitutional because there were no exigent circumstances—Sommer was in jail and there was no risk of him disposing of any evidence.  After a suppression hearing, where Detective Vinson testified, the district court denied the motion.  Sommer entered a conditional plea of guilty to each of the three charges.

II.

[¶7] Sommer argues the automobile exception to the warrant requirement did not apply in his circumstances because “something more than ‘inherent’ mobility is required.”  Specifically, Sommer argues “the likelihood of actual mobility must be evaluated” to determine if the automobile exception applies.

[¶8] This Court will affirm a district court’s decision on a motion to suppress evidence if “there is sufficient competent evidence fairly capable of supporting the trial court’s findings, and the decision is not contrary to the manifest weight of the evidence.”  
State v. Beane
, 2009 ND 146, ¶ 8, 770 N.W.2d 283 (quoting 
City of Fargo v. Thompson
, 520 N.W.2d 578, 581 (N.D. 1994)).  But determining whether a trial court’s findings of fact meet a legal standard is a question of law, which is fully reviewable on appeal.  
State v. Dudley
, 2010 ND 39, ¶ 6, 779 N.W.2d 369 (citing 
State v. Zwicke
, 2009 ND 129, ¶ 6, 767 N.W.2d 869).

[¶9] The Fourth Amendment to the U.S. Constitution and Article I, Section 8 of the North Dakota Constitution protects from unreasonable searches and seizures.  
Zwicke
, 2009 ND 129, at ¶ 7 (citing 
Sayler v. N.D. Dep’t of Transp.
, 2007 ND 165, ¶ 18, 740 N.W.2d 94).  If an individual has a reasonable expectation of privacy, the government must acquire a search warrant unless the search fits within a recognized exception to the warrant requirement.  
Id.
 (citing 
State v. Dunn
, 2002 ND 189, ¶ 4, 653 N.W.2d 688).  One such exception is the automobile exception:

Under the automobile exception, law enforcement officers may search for illegal contraband without a warrant when probable cause exists. 
State v. Doohen
, 2006 ND 239, ¶ 10, 724 N.W.2d 158.  Probable cause exists to search a vehicle if it is established that “certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place.”  
State v. Wamre
, 1999 ND 164, ¶ 6, 599 N.W.2d 268 [(quoting 
State v. Frohlich
, 506 N.W.2d 729, 731 (N.D. 1993) (citation omitted))].  If a warrantless search of an automobile is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles which are subject to seizure, the search is valid.  
State v. Binns
, 194 N.W.2d 756, 759 (N.D. 1972).

Dudley
, 2010 ND 39, ¶ 7, 779 N.W.2d 369 (quoting 
Zwicke
, at ¶ 9).

[¶10] In 
Zwicke
, we recognized federal precedent that “there need not exist exigent circumstances beyond the mobility of the vehicle and probable cause to believe the car contains contraband.”  
Id.
 at ¶ 11 (citing 
Maryland v. Dyson
, 527 U.S. 465, 467 (1999)).  That discussion neither necessitated the presence of exigent circumstances nor provided for an inquiry into the actual mobility of a vehicle.  Our discussion in 
Zwicke
 examined mobility as it related to the now-extinct exigent circumstances requirement.  
See
 
id.
; 
see also
 
Maryland v. Dyson
, 527 U.S. at 466 (“[T]he ‘automobile exception’ has no separate exigency requirement.”).  The relevant inquiry into mobility relates to the bases of the automobile exception:

In 
California v. Carney
, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985), the Court, once again confronted with a warrantless vehicle search, attempted to square its prior reliance on the two different “automobile exception” theories—mobility and a lesser expectation of privacy.  Acknowledging that the “capability to be quickly moved” was the basis of the “automobile exception” under 
Carroll v. United States
[, 267 U.S.132 (1925)] and the early automobile exception cases, the Court concluded it was no longer “the only basis for the exception.”  
Id.
 at 391, 105 S.Ct. 2066.  “Even in cases where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justified application of the vehicular exception.”  
Id.
 at 391, 105 S.Ct. 2066. These reduced expectations, the Court reasoned, derived from the “pervasive schemes of regulation . . . and the exigencies attendant to ready mobility [which] justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met.”  
Id.
 at 392, 105 S.Ct. 2066.

State v. Garrett
, 1998 ND 173, ¶ 23, 584 N.W.2d 502.  In sum, the recognition that vehicles are “inherently ‘mobile’” and that vehicles garner a “lesser expectation of privacy” excuse the need for a warrant.  
See
 
State v. Haibeck
, 2004 ND 163, ¶ 12, 685 N.W.2d 512.

[¶11] Sommer argues that because at the time of search he was in jail and his vehicle was secured by law enforcement, “[c]ircumstances which would trigger mobility for exigent circumstances are absent.”  First, Sommer incorrectly assumes that exigent circumstances must exist to support the search of his vehicle.  
See
 
Maryland v. Dyson
, 527 U.S. at 466; 
Zwicke
, 2009 ND 129, at ¶ 11.  Second, while the circumstances made the vehicle inaccessible to Sommer, they did not make the vehicle any less mobile, especially considering police surveillance that Sommer had recently driven the vehicle to his business.  
See, e.g.
, 
Michigan v. Thomas
, 458 U.S. 259, 261 (1982) (“It is thus clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court’s assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.”).  Nor did the circumstances create a greater expectation of privacy in his vehicle. Sommer’s vehicle was “inherently” mobile and Sommer had a lesser expectation of privacy to his vehicle.  Furthermore, the United States Supreme Court has stated that “[i]n  addition to the special considerations recognized in the context of movable items, our Fourth Amendment jurisprudence has consistently accorded law enforcement officials greater latitude in exercising their duties in public places.”  
Florida v. White
, 526 U.S. 559, 565 (1999) (holding, among other things, that seizure of the defendant’s vehicle from his employer’s parking lot without a warrant did not involve any invasion of defendant’s privacy).

[¶12] The dispositive question concerning application of the automobile exception is whether probable cause supported the search.  
See, e.g.,
 
Dudley
, 2010 ND 39, ¶ 7, 779 N.W.2d 369 (citing 
Zwicke
, 2009 ND 129, at ¶ 7).  Sommer concedes probable cause supported the search of his vehicle.

III.

[¶13] We affirm the district court judgment.

[¶14] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Daniel J. Crothers

Dale V. Sandstrom

Mary Muehlen Maring