2006 ND 106

**Todd ROTH, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20050227.

Supreme Court of North Dakota.

May 11, 2006.

Todd Roth, pro se, Bismarck, N.D., petitioner and appellant.

Cynthia M. Feland, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Todd A. Roth appeals from the trial court's order denying post-conviction relief, a memorandum opinion and order denying Roth's motion for a new trial, and an "Order Denying Reconsideration." The trial court found that Roth's application raised the same issues already addressed by this Court in his previous, direct appeal ("*Roth I*"), and summarily denied Roth's motion. *See State v. Roth*, 2004 ND 23, 674 N.W.2d 495. In this appeal, Roth argues that the trial court erred in denying his application because his application raised issues beyond those addressed in his previous direct appeal. We hold the trial court erred in denying Roth's application. Although some of Roth's issues are barred because they had to be or were raised in his direct appeal, Roth's claim of ineffective assistance of counsel was not raised previously. We affirm those portions of the trial court's March 21, 2005, memorandum opinion and order that deny Roth's motion for a new trial and reverse its earlier order forfeiting evidence. We otherwise reverse the March 21, 2005, memorandum opinion and order. The appeal of the trial court's "Order Denying Reconsideration" is dismissed as moot. We reverse the trial court's order denying Roth's application for post-conviction relief. We remand to the trial court for further proceedings.

I

[¶ 2] Criminal judgment was entered against Roth on March 31, 2003, after he conditionally pled guilty to one count of

possession of methamphetamine, one count of possession of drug paraphernalia, and one count of manufacturing methamphetamine. Roth's plea was conditional. The charges arose after law enforcement executed a search warrant, issued August 20, 2002, at Roth's residence at approximately 12:30 a.m. on August 28, 2002.

[¶ 3] The trial court issued the August 20, 2002, search warrant relying solely on an affidavit from Morton County Sheriff's Deputy Dion Bitz. In his affidavit, Deputy Bitz alleged Roth's involvement with persons suspected of drug trafficking and set forth instances of Roth's previous conduct. Among the statements Bitz made regarding Roth's previous conduct were allegations that, on May 3, 2002, Roth's vehicle was searched and officers found marijuana, methamphetamine, and a loaded .45 caliber magazine clip belonging to a gun Roth informed the officers was at his residence. Bitz also stated that, on May 7, 2002, officers searched Roth's residence and uncovered a scale and mirror containing residue. The warrant application also contained tips from a confidential informant claiming to have witnessed Roth cooking methamphetamine at Roth's residence. According to the application, the informant had previously provided reliable information that resulted in both state and federal prosecutions. Bitz also included information regarding surveillance conducted outside Roth's residence one evening. The resulting search warrant issued contained both a no-knock and a nighttime search provision.

[¶ 4] The search warrant was executed at approximately a half-hour after midnight on August 28, 2002. According to Bitz's testimony at the hearing on Roth's motion to suppress, during a briefing before execution of the warrant, law enforcement determined Bitz's affidavit did not support a no-knock provision. A decision was made by law enforcement not to utilize that provision. Bitz testified that, in executing the warrant, law enforcement knocked on Roth's door, waited approximately thirty seconds, knocked again while announcing "police with a search warrant," waited another fifteen to twenty seconds, and then entered the residence using a breaching device.

[¶ 5] In *Roth I*, Roth argued that the no-knock provision of the August 20, 2002, warrant was invalid and, as a result, the August 28, 2002, search was illegal. This Court affirmed the trial court's denial of Roth's motion to suppress, finding that officers executing the warrant had functionally excised the no-knock aspect by knocking and announcing before entry into Roth's residence. *Roth I*, 2004 ND 23, ¶ 28, 674 N.W.2d 495. On his motion for post-conviction relief, the trial court found that Roth raised the same issues already addressed in his previous appeal and denied the motion.

[¶ 6] On appeal, Roth argues that the trial court erred in denying his application for post-conviction relief because he raised issues beyond those addressed in his direct appeal. Roth alleges four errors related to the search warrant law enforcement executed on August 20, 2002:(1) the officers executing the warrant did not comply with the rule of law; (2) the officers executing the warrant entered via the no-knock provision, despite their claim that they did not; (3) the warrant lacked probable cause for a nighttime search; and, (4) the trial court's use of the good-faith exception to justify the search was in error. Roth also claims he received ineffective assistance of counsel due to both his trial and appellate counsels' failure to raise the four errors related to the warrant. Finally, Roth claims the State confessed to the validity of his post-conviction application

and that there was an irregularity in a prior post-conviction proceeding.

[¶ 7] The State argues that Roth's issues amount to the same allegations raised before this Court in *Roth I*. The State also argues that Roth's claims, taken together, amount to a claim of ineffective assistance of counsel, and Roth has not made out a claim of ineffective assistance of counsel.

## II

[¶ 8] "Issues not raised by an applicant for post-conviction relief during the criminal trial, sentencing, on direct appeal, or in prior applications for post-conviction relief are properly dismissed for abuse of process, absent any showing of excuse for failure to timely raise such issues." *Greybull v. State*, 2004 ND 116, ¶ 5, 680 N.W.2d 254. Therefore, Roth is precluded from raising issues related to the issuance and execution of the search warrant directly. These issues were either addressed or forgone in his direct appeal. *See Roth I*, 2004 ND 23, 674 N.W.2d 495.

[¶ 9] Roth's claims of ineffective assistance of his trial and appellate counsel, however, have never been addressed. Roth's arguments are, in essence, two-fold. First, he argues his trial and appellate counsel were ineffective for failing to raise whether there was probable cause for a nighttime search warrant. Second, he argues his trial and appellate counsel were ineffective for failing to raise the issue of whether law enforcement had entered Roth's home via the no-knock provision despite their claim that they did not.

[¶ 10] In a claim for ineffective assistance of counsel, it is the defendant's burden to prove both that his counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by counsel's deficient performance. *Klose v. State*, 2005 ND 192, ¶ 9,

705 N.W.2d 809; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Establishing the first element requires a defendant to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Klose*, at ¶ 9. To establish the second element, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court." *State v. Steen*, 2004 ND 228, ¶ 8, 690 N.W.2d 239. " We will not disturb the trial court's findings of fact in a post-conviction proceeding, unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Steen*, at ¶ 8. A trial court's findings of fact are clearly erroneous when induced by an erroneous view of the law, not supported by any evidence, or when a reviewing court is left with a definite and firm conviction a mistake has been made. *Ellis v. State*, 2003 ND 72, ¶ 6, 660 N.W.2d 603.

[¶ 11] Here, the trial court's determination that all of the issues Roth raised in his application for post-conviction relief had already been raised in his previous appeal was error. Roth has not previously raised an issue of ineffective assistance of his trial and appellate counsel. Indeed, he could not have raised the issue in his previous proceedings before this Court because his claim relates not only to his trial counsel, but his counsel for his direct appeal. Because the trial court erroneously found that Roth's ineffective assistance of counsel claim was misuse of process, the merits of his two arguments for why his counsel was ineffective were not reached.

[¶ 12] An ineffective assistance of counsel claim should be made in an application for post-conviction relief so that an evidentiary record can be made that will allow scrutiny of the reasons underlying counsel's conduct. *State v. Causer*, 2004 ND 75, ¶ 19, 678 N.W.2d 552. Because the trial court dismissed Roth's application for misuse of process, the trial court never considered whether an evidentiary hearing was required. However, Roth has never claimed he is entitled to an evidentiary hearing and states he is not requesting one. Roth argues the record establishes his counsel was plainly defective and, therefore, an evidentiary hearing is not needed. Assistance of counsel is plainly defective when the record affirmatively shows ineffectiveness of a constitutional dimension or the defendant points to some evidence in the record to support the claim. *Id.* Here, Roth claims the affidavit in support of the search warrant is enough to establish ineffective assistance of counsel.

[¶ 13] We have addressed the requirements for issuance of a valid search warrant stating: "Probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *State v. Fields*, 2005 ND 15, ¶ 5, 691 N.W.2d 233 (quoting *State v. Wamre*, 1999 ND 164, ¶¶ 5–6, 599 N.W.2d 268)). "The totality of the circumstances test is used to review whether information before the magistrate was sufficient to find probable cause, independent of the trial court's findings." *Id.*

[¶ 14] Probable cause to justify a nighttime search is an additional requirement if the magistrate is to issue a valid nighttime search warrant. *Fields*, 2005 ND 15, ¶ 9, 691 N.W.2d 233; *see also* N.D.R.Crim.P. 41(c)(1).

Rule 41(c), N.D.R.Crim.P., which together with section 19–03.1–32(2), N.D.C.C., govern the issuance of nighttime warrants, uses the term "reasonable cause shown" and we have construed this term synonymously with probable cause for the purpose of issuing a nighttime warrant under section 19–03.1–32(2). *State v. Herrick*, 1997 ND 155, ¶ 19, 567 N.W.2d 336 (citation omitted). As we said in *Fields*, "[t]he purpose of Rule 41(c), N.D.R.Crim.P., is to protect citizens from being subjected to the trauma of unwarranted nighttime searches. Courts have long recognized that nighttime searches constitute greater intrusions on privacy than do daytime searches." *Fields*, 2005 ND 15, ¶ 9, 691 N.W.2d 233 (quoting *State v. Schmeets*, 278 N.W.2d 401, 410 (N.D. 1979)).

[¶ 15] In *Fields*, we reviewed a line of cases stating that a nighttime warrant is properly issued "when the property sought would probably be removed or destroyed because it could be disposed of if the search warrant was not promptly served." *Fields*, 2005 ND 15, ¶ 11, 691 N.W.2d 233 (quoting *State v. Berger*, 285 N.W.2d 533, 539 (N.D.1979)). In *Herrick*, we overruled a per-se rule justifying issuance of nighttime warrants in drug cases. *Herrick*, 1997 ND 155, ¶ 21, 567 N.W.2d 336. In *Fields*, we stated:

> "Merely alleging the presence of marijuana and methamphetamine does not allow one to infer the drugs were easily disposable." *State v. Utvick*, 2004 ND 36, ¶ 21, 675 N.W.2d 387. An officer must set forth some facts for believing the evidence will be destroyed other than its mere existence.

*Fields*, at ¶ 10.

[¶ 16] In this case, the trial court never reviewed the affidavit to determine if it provided probable cause to support a nighttime search. There also was never a

determination whether failure to raise lack of probable cause for a nighttime search constituted ineffective assistance of counsel.

[¶17] We conclude Roth should have had the opportunity to have the merits of his ineffective assistance of counsel claim considered by the trial court. As a result of the trial court's error, the merit of Roth's claim, that had counsel raised the issue of lack of probable cause to support a nighttime search there is a reasonable probability the evidence against him would have been suppressed, was never considered. We therefore reverse and remand for consideration of Roth's claim of ineffective assistance of counsel.

[¶18] Roth also appeals from the March 21, 2005, memorandum and order. In that order, the trial court denied Roth's motion for a new trial on the basis that Roth did not have a trial but entered a conditional plea of guilty. We affirm that part of the trial court's order. The trial court also reversed its earlier granting of the State's motion for forfeiture of evidence. We affirm that part of the trial court's order. However, the March 21, 2005, order also denies portions of three motions by Roth that, taken together, we interpret as motions under N.D.R.Civ.P. 59(j). *See Woodworth v. Chillemi*, 1999 ND 43, ¶7, 590 N.W.2d 446 (holding a motion for reconsideration is treated like a motion to amend or alter under N.D.R.Civ.P. 59(j)). A motion under N.D.R.Civ.P. 59(j) to alter or amend a judgment does not usually request a re-examination of issues of fact. Rather, a motion to alter or amend may be used to ask the court to reconsider its judgment and correct errors of law, or, in some circumstances, to present newly discovered evidence. *Hanson v. Hanson*, 2003 ND 20, ¶5, 656 N.W.2d 656. As we have stated above, the trial court erred as a matter of law in denying Roth's petition for post-conviction relief on the ground the issues had already been addressed.

### III

[¶19] We affirm that portion of the trial court's March 21, 2005, memorandum opinion and order that deny Roth's motion for a new trial and reverse its earlier order forfeiting evidence. We otherwise reverse the March 21, 2005, order. The appeal of the trial court's "Order Denying Reconsideration" is dismissed as moot. We reverse the trial court's order denying Roth's application for post-conviction relief dated February 23, 2005. We remand to the trial court for further proceedings in accordance with this opinion.

[¶20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.