2006 ND 239

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Tyler J. DOOHEN, Defendant and Appellee.**

No. 20060089.

Supreme Court of North Dakota.

Nov. 28, 2006.

Tom M. Henning, State's Attorney, and James A. Hope (argued), Assistant State's Attorney, Dickinson, N.D., for plaintiff and appellant.

Michael R. Hoffman (argued), Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1]   The State of North Dakota appeals the trial court's order suppressing evidence found during a search of Tyler Doohen's vehicle after a Highway Patrol Trooper viewed butane lighters and syringes in a tote bag next to Doohen on the front passenger's seat.   The State claims the butane lighters and syringes gave the trooper probable cause to search the vehicle.   We reverse the trial court's order suppressing the evidence found in Doohen's vehicle and remand for further proceedings.

I

[¶ 2]   On February 28, 2005, Highway Patrol Trooper Roger Clemens received a dispatch about a vehicle that was being driven erratically on the interstate.   Clemens responded to the call and stopped the vehicle.   Clemens asked Tyler Doohen, the driver, for his license and registration, and advised Doohen of the reason for the stop.   Doohen stated he was driving erratically because of problems with his tires.

[¶ 3]   Clemens suspected Doohen was driving under the influence, but Clemens did not detect signs of alcohol consumption to substantiate his suspicion.   Clemens noticed a tote bag next to Doohen on the front passenger's seat that contained butane lighters and syringes.   The butane lighters were of a higher grade and disposable.   The syringes, which were wrapped in plastic, were sticking out of the tote bag's pockets.   Clemens did not notice whether the syringes were medicinal or hypodermic syringes.   Clemens testified he knew, based on his training and experience, butane lighters are frequently used in drug production and use, and syringes are often used to inject drugs.   Clemens took Doohen to his patrol vehicle and

asked Doohen about the items in the tote bag. Doohen indicated the syringes were used to spray water. At some point, Doohen mentioned to Clemens that he did glass blowing and glass sculptures. Doohen did not consent to a search of his vehicle. Clemens placed Doohen in the backseat of the patrol vehicle. Clemens waited for Sergeant Eldon Mehrer to arrive before taking further action. Clemens and Mehrer then searched Doohen's vehicle. Items in the tote bag caused them to call the canine unit.

[¶ 4] Clemens had a camera in his vehicle when he pulled Doohen over, but did not take any pictures of the tote bag. Clemens did not present the tote bag as evidence because it was returned to Doohen's mother. The syringes were not sent to the state laboratory because the laboratory does not accept unused items. Clemens believes pictures were taken of the syringes, but did not have them at the suppression hearing. The butane lighters and syringes were disposed of and, therefore, unavailable for the suppression hearing.

[¶ 5] During the search, Clemens found a metal tray with residue on it in the tote bag. The tray was sent to the state laboratory where the residue was determined to be methamphetamine. Clemens also found a machete covered with a sleeping bag.

[¶ 6] Doohen was charged with carrying a concealed weapon and possession of drug paraphernalia. Doohen moved to suppress the items found in his vehicle. The trial court granted Doohen's motion to suppress the evidence, finding the State did not establish probable cause to search Doohen's vehicle. The State appeals.

II

[¶ 7] The State argues the evidence seized from Doohen's vehicle was improperly suppressed because Clemens had probable cause to search the vehicle.

[¶ 8] As we recently explained in *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381 (citations omitted):

In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We will affirm a district court's decision on a motion to suppress if there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

[¶ 9] Unreasonable searches and seizures are prohibited by the Fourth Amendment to the United States Constitution and Article I, Section 8, of the North Dakota Constitution. *State v. Woinarowicz*, 2006 ND 179, ¶ 21, 720 N.W.2d 635. A warrantless search is unreasonable unless it falls within a recognized exception to the warrant requirement. *State v. Genre*, 2006 ND 77, ¶ 17, 712 N.W.2d 624. The automobile exception is a well-established exception to the warrant requirement. *State v. Haibeck*, 2004 ND 163, ¶ 10, 685 N.W.2d 512; *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

[¶ 10] Under the automobile exception, law enforcement may search for illegal contraband without a warrant when probable cause exists. *Haibeck*, 2004 ND 163, ¶ 10, 685 N.W.2d 512. "Probable cause to search exists if it is established that certain identifiable objects are proba-

bly connected with criminal activity and are probably to be found at the present time at an identifiable place." *Roth v. State*, 2006 ND 106, ¶ 13, 713 N.W.2d 513. "[I]f the search of an automobile without warrant is made upon probable cause, based upon a reasonable belief arising out of the circumstances known to the officer—that the automobile contains articles which are subject to seizure—the search is valid." *State v. Gregg*, 2000 ND 154, ¶ 33, 615 N.W.2d 515. In *Gregg*, we held the automobile exception applied when an officer discovered a controlled substance when seizing a syringe that was on the floor next to the suspect's feet. *Id.* at ¶¶ 34–35. The totality of the circumstances is reviewed when determining the presence of probable cause. *Roth*, 2006 ND 106, ¶ 13, 713 N.W.2d 513

▆▆▆▆ [¶ 11] "[A] police officer may draw inferences based on his own experience in deciding whether probable cause exists." *Ornelas v. United States*, 517 U.S. 690, 700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Clemens was trained to identify drug paraphernalia. Drug paraphernalia includes "[h]ypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body." N.D.C.C. § 19–03.4–01(11). Clemens used his training and experience to conclude that the butane lighters and syringes were probably connected with criminal activity. Clemens knew butane lighters can be used as paraphernalia in the production and use of drugs, and that syringes are used to inject drugs. Based on Clemens' training and experience that the presence of butane lighters and syringes indicated the probability of criminal activity, Clemens had probable cause to search Doohen's vehicle.

▆▆▆ [¶ 12] "Probable cause demands not that an officer be sure or certain but

only that the facts available to a reasonably cautious man would warrant a belief that certain items may be contraband or stolen property or useful as evidence of a crime." *United States v. Weinbender*, 109 F.3d 1327, 1330 (8th Cir.1997) (citations omitted). Clemens saw syringes in the tote bag but was not certain they were hypodermic syringes, which are commonly used to inject drugs. However, a reasonably cautious individual would have believed that the syringes may have been drug paraphernalia. This belief was supported by the presence of the butane lighters. Although Clemens may not have been certain Doohen's syringes were for drug use, when combined with the butane lighters, they were enough to warrant a belief that they may be drug paraphernalia and evidence of drug activity.

▆▆▆ [¶ 13] When determining whether there is probable cause, the evidence should not be considered individually, but as a collective whole. In *State v. Nelson*, 2005 ND 11, ¶ 21, 691 N.W.2d 218 (citation omitted), we stated:

> Although each bit of information . . . , by itself, may not be enough to establish probable cause and some of the information may have an innocent explanation, probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers . . . which is not weighed in individual layers but in the laminated total.

[¶ 14] Although Doohen's statements about spraying water and blowing glass alone may not have constituted probable cause, those statements were layers which contributed to the totality of the circumstances that resulted in probable cause. Clemens was reasonable to have his suspicions raised by the statements. Although there may be an innocent explanation for

why an individual has butane lighters or syringes, when the items are together, and known to be used for the production and use of drugs, they are sufficient to establish probable cause. When the lighters, syringes, and statements are layered together, probable cause was established to search Doohen's vehicle.

[¶ 15] Based on the presence of butane lighters and syringes, both known by Clemens to be used for drug production and use, and Doohen's statements, a reasonable person in Clemens' position would have concluded that there was probable cause to search Doohen's vehicle. Because Clemens had probable cause to search, the evidence found in Doohen's vehicle is admissible under the automobile exception to the warrant requirement.

### III

[¶ 16] The trial court erred in concluding Clemens did not have probable cause to search Doohen's vehicle. We reverse the trial court's order suppressing the evidence found in Doohen's vehicle and remand for further proceedings.

[¶ 17] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, J., concur.

KAPSNER, Justice, dissenting.

[¶ 18] I respectfully dissent. There was competent evidence to support the district court's findings, the court's decision was not against the manifest weight of the evidence, and the information known to law enforcement at the time of the search, without more, did not constitute probable cause. I would affirm the district court's suppression order.

### I

[¶ 19] In reviewing a district court's decision on a motion to suppress evidence, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Graf,* 2006 ND 196, ¶ 7, 721 N.W.2d 381. We will affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Id.* (quoting *City of Fargo v. Thompson,* 520 N.W.2d 578, 581 (N.D.1994)). Our standard of review recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. *State v. Mitzel,* 2004 ND 157, ¶ 10, 685 N.W.2d 120. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. *Graf,* at ¶ 7.

### II

[¶ 20] The Fourth Amendment of the United States Constitution and Article 1, Section 8 of the North Dakota Constitution prohibits unreasonable searches and seizures. A warrantless search is per se unreasonable unless it falls into a narrowly-defined exception to the warrant requirement. *See State v. Genre,* 2006 ND 77, ¶ 17, 712 N.W.2d 624. The automobile exception is a recognized exception to the warrant requirement. *State v. Haibeck,* 2004 ND 163, ¶ 10, 685 N.W.2d 512.

[¶ 21] To search under the automobile exception, law enforcement must have probable cause. *Id.* "Probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *Roth v. State,* 2006 ND 106, ¶ 13, 713 N.W.2d 513. The probable cause determination is reviewed objectively under the "totality of the circumstances," where all information known to

the officer at the time of the search is considered. *State v. Torkelsen*, 2006 ND 152, ¶ 13, 718 N.W.2d 22. The court takes into account " 'inferences and deductions that a trained and experienced officer makes.' " *State v. Guthmiller*, 2002 ND 116, ¶ 15, 646 N.W.2d 724 (quoting *State v. Olson*, 1998 ND 41, ¶ 24, 575 N.W.2d 649 and *State v. Mische*, 448 N.W.2d 415, 419 (N.D.1989)). While each piece of information alone may be insufficient to establish probable cause to search, "the sum total layers of information and the synthesis of what the police know, have heard, and observed as trained officers, weighed in a 'laminated total' may amount to probable cause." *State v. Rangeloff*, 1998 ND 135, ¶ 28, 580 N.W.2d 593 (citing *State v. Damron*, 1998 ND 71, ¶ 7, 575 N.W.2d 912).

### III

[¶ 22] The suppression order should be upheld because our standard of review is dispositive and, without more, Troopers Clemens and Mehrer did not have probable cause to search Doohen's vehicle.

### A

[¶ 23] This Court should affirm a district court's decision on a motion to suppress if "there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence." *Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381 (quoting *Thompson*, 520 N.W.2d at 581). This recognizes the importance of the district court's opportunity to observe the witnesses and assess their credibility. *Mitzel*, 2004 ND 157, ¶ 10, 685 N.W.2d 120. On this record, the district court's decision was supported by competent evidence and not contrary to the manifest weight of the evidence.

[¶ 24] To the contrary, the court had ample competent evidence to support its findings. Trooper Clemens testified he saw what appeared to be syringes and butane lighters sticking out from the pockets of a tote bag when he approached Doohen's vehicle. Although the items have no immediately incriminating character, Clemens testified that based on his training and experience, the lighters and syringes made him suspicious that Doohen was in possession of drug paraphernalia. Doohen was cooperative with Clemens except he did not want his vehicle to be searched and made no furtive movements or gestures to support Clemens' probable cause determination. Clemens admitted that, prior to placing Doohen in the patrol car, Doohen may have told him he used the syringes to blow water when he was sculpting and blowing glass. Clemens also acknowledged the syringes were wrapped in plastic and appeared clean. In the district court's memorandum opinion, it stated "Clemens testified he was not quite sure what the syringes were designed for and could not say whether they were medicine syringes that could be used for taking medicine and could not be hooked to a needle or whether they were hypodermic syringes to which a needle could be attached." Although Clemens had a digital camera in his car, he did not photograph any of the evidence, nor was any of the evidence presented to the court at the time of the suppression hearing. Even after searching the vehicle and examining the evidence, the trooper could not say whether the syringes were hypodermic, which would qualify as drug paraphernalia under N.D.C.C. § 19–03.4–01(11).

[¶ 25] Additionally, we recognize the importance of the district court's opportunity to observe the witnesses and assess their credibility. *Mitzel*, 2004 ND 157, ¶ 10, 685 N.W.2d 120. Here, the district court observed Clemens' testimony and was able to assess his credibility. Cle-

mens testified at the suppression hearing, but did not photograph or retain any of the items to present at the hearing. The court noted Clemens "seemed uncertain as to whether or not a needle could be attached to what he saw."

[¶ 26] Under our standard of review, the district court had evidence to support its findings, which was not contrary to the manifest weight of the evidence. The court observed the testimony and evidence, weighed its relative credibility, and determined there was not probable cause to search Doohen's vehicle. The suppression order should be affirmed.

B

[¶ 27] Troopers Clemens and Mehrer did not have probable cause to search Doohen's vehicle. At the time of search, Clemens had only two pieces of information to evaluate: (1) the observation of the syringes and lighters and (2) Doohen's explanation regarding his usage of the syringes. Instead of probable cause to search, the troopers merely had information that may have warranted further investigation. *State v. Thieling,* 2000 ND 106, ¶ 8, 611 N.W.2d 861 (citing *State v. Lewis,* 527 N.W.2d 658, 663 (N.D.1995)); *see also State v. Gregg,* 2000 ND 154, ¶¶ 29, 34–35, 615 N.W.2d 515 (upholding a search under the plain view doctrine when the officer observed a syringe on the floor and then conducted further inquiry into whether the syringe was used for medicinal purposes). In *Thieling,* we stated the observation of seemingly innocent items, such as baggies, plastic, and tin foil, were merely a very thin layer in the probable cause analysis. *Id.* at ¶ 9. We stated "[t]he 'relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal acts.'" *Id.* (quoting *Illinois v. Gates,* 462 U.S. 213, 243–44 n. 13,

103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Since baggies, plastic, and tin foil were common household goods used in packaging, but not necessarily packaging of illegal contraband, we held the items were of minimal value in the probable cause analysis. *Id.*

[¶ 28] In *Lewis,* we held evidence that the defendant had equipment consistent with indoor growing operations was insufficient to establish probable cause. 527 N.W.2d at 663. Lewis had styrofoam and fiberglass insulation on his windows and had increased his electrical usage. *Id.* at 660. We emphasized the equipment could be used for growing legal plants and the extra insulation is consistent with both "[w]eatherproofing one's home for winter" and the indoor growing of legal plants. *Id.* at 662–63. We refused to view innocuous activities like efforts to reduce heat loss, without more, as circumstantial evidence sufficient to support probable cause. *Id.* at 663. That is, "suspicion, without anything more specific, does not amount to probable cause to search." *Id.*

[¶ 29] Doohen's situation is similar to those presented in *Thieling* and *Lewis.* Clemens merely observed innocuous items in Doohen's vehicle. Clemens could not say, even after examining the syringes, that they were drug paraphernalia under N.D.C.C. § 19–03.4–01(11). Furthermore, Doohen's explanation for the syringes, although possibly warranting further investigation, provided a perfectly legal explanation. The information available to Clemens at the time of the search was merely a very thin layer to support his probable cause determination. Taken together, the evidence did not amount to probable cause. The district court did not err by suppressing the evidence.

IV

[¶ 30] There was competent evidence to support the district court's findings, the court's decision was not against the manifest weight of the evidence, and the information known to law enforcement at the time of the search, without more, did not constitute probable cause. Therefore, I would affirm the district court's suppression order.

[¶ 31] DANIEL J. CROTHERS, J., agrees.