2017 ND 251

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Dustin Adam LARK, Defendant and Appellee**

**No. 20170143**

Supreme Court of North Dakota.

Filed 10/17/2017

Ashlei A. Neufeld, Assistant State's Attorney, Minot, ND, for plaintiff and appellant.

Jesse N. Lange, Fargo, ND, for defendant and appellee.

VandeWalle, Chief Justice.

[¶ 1] The State appealed from a district court order granting Dustin Lark's motion to suppress evidence. We reverse.

I.

[¶ 2] On or about September 6, 2016, Ward County Narcotics Task Force Officer Jason Bambenek observed a black Dodge Charger traveling east bound in the west bound lane near 36th Avenue NE in Minot, near North Broadway. Officer Andy Mehlhoff of the Minot Police Department initiated a traffic stop for the traffic violation at the direction of Bambenek, as Bambenek was traveling in an unmarked patrol vehicle. The Charger continued for a few blocks before coming to a stop.

[¶ 3] Shortly after the stop, Mehlhoff determined Lark had a suspended Oregon driver's license and a valid North Dakota driver's license. Bambenek instructed Lark to step out of the vehicle because Bambenek saw what he believed to be a

"snort tube," made from a rolled up ten dollar bill, and crack cocaine in the front passenger area of the vehicle. Lark was handcuffed, advised of his Miranda rights, and searched by Mehlhoff.

[¶ 4] The search of Lark resulted in two cell phones, approximately $8,400 in cash, and a rolled up dollar bill with a "burnt tape" or a "brown burn mark" on it. Lark was then placed in the patrol vehicle and his vehicle was searched by Bambenek. During the stop, Mehlhoff discovered the car was not registered in Lark's name; it was registered to Victor Wakefield. Lark informed the officers he had recently purchased the vehicle from "Richard." Later in the stop, but before the driving under suspension (DUS) citation was issued, the officers discovered Richard Hose was also listed as a second registered owner.

[¶ 5] While Lark was detained in the back of Mehlhoff's squad car, Bambenek searched his vehicle. The search revealed a third cell phone, a letter containing a birth certificate of another person, and various other collectibles. Approximately 24 minutes into the stop, Bambenek informed Mehlhoff the field tests for narcotics were inconclusive.

[¶ 6] Approximately 28 minutes into the stop, Mehlhoff advised Bambenek that he would get started on issuing the DUS citation while Bambenek continued the search of Lark's vehicle. Lark was then searched a second time for approximately two minutes and placed back in Mehlhoff's squad car.

[¶ 7] Mehlhoff issued the DUS citation approximately 42 minutes into the traffic stop and informed Lark he would be free to leave after signing the promise to appear unless something else was found in the vehicle.

[¶ 8] Approximately 47–48 minutes into the stop, after issuing the citation, Bambe-

nek asked Mehlhoff to contact dispatch to see if any of the suspicious items found in Lark's trunk were stolen. Some of the items identified during the search included a letter that was not addressed to or written by Lark, a birth certificate, a coin collection, and other various collectibles. Approximately 51 minutes into the stop, Bambenek located Suboxene in the headliner by the driver's seat.

[¶ 9] Lark was arrested for unlawful possession of a schedule III drug with intent to deliver. Lark filed a motion to suppress evidence, and the State opposed the motion. The district court held a hearing on the suppression motion at which one of the officers testified. Both parties questioned the officer and filed post-hearing briefs. The district court granted Lark's motion to suppress.

## II.

[¶ 10] On appeal, the State argues the district court erred by granting Lark's motion to suppress evidence.

[¶ 11] The Fourth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment, and Article I, section 8, of the North Dakota Constitution, protects individuals from unreasonable searches and seizures. *State v. Kaul*, 2017 ND 56, ¶ 4, 891 N.W.2d 352.

[¶ 12] This Court reviews a district court's decision on a motion to suppress as follows:

[W]e give deference to the district court's findings of fact and we resolve conflicts in testimony in favor of affirmance. We will not reverse a district court decision on a motion to suppress … if there is sufficient competent evidence capable of supporting the court's findings, and if the decision is not contrary to the manifest weight of the evi-

dence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

State v. Reis, 2014 ND 30, ¶ 8, 842 N.W.2d 845 (internal citations and quotations omitted). Whether law enforcement violated constitutional prohibitions against unreasonable search and seizure is a question of law. State v. Uran, 2008 ND 223, ¶ 5, 758 N.W.2d 727.

■ [¶ 13] Neither party disputes Lark was lawfully stopped when he was pulled over for driving in the wrong lane. As this Court has previously stated, "traffic violations, even if considered common or minor, constitute prohibited conduct and, therefore, provide officers with requisite suspicion for conducting investigatory stops." State v. Stadsvold, 456 N.W.2d 295, 296 (N.D. 1990). In this case, Bambenek observed Lark driving east bound in the west bound lane. When Bambenek observed this traffic infraction, he had probable cause to alert Mehlhoff to initiate the stop. See State v. Adan, 2016 ND 215, ¶ 10, 886 N.W.2d 841.

[¶ 14] The district court found the initial search was permissible under the automobile exception; however, the district court also found probable cause ceased to exist after receiving the inconclusive field test results of suspected crack cocaine.

[¶ 15] We agree the search of Lark's vehicle was proper under the automobile exception to the warrant requirement. However, we disagree probable cause evaporated with the inconclusive test result.

■ [¶ 16] Under the automobile exception, law enforcement may search for illegal contraband without a warrant when probable cause exists. State v. Doohen, 2006 ND 239, ¶ 10, 724 N.W.2d 158. "Probable cause to search exists if it is estab-lished that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." Roth v. State, 2006 ND 106, ¶ 13, 713 N.W.2d 513 (internal citation omitted). "[I]f the search of an automobile without warrant is made upon probable cause, based upon a reasonable belief arising out of the circumstances known to the officer—that the automobile contains articles which are subject to seizure—the search is valid." State v. Gregg, 2000 ND 154, ¶ 33, 615 N.W.2d 515. In Gregg, this Court held the automobile exception applied when an officer discovered a controlled substance when seizing a syringe that was on the floor next to the suspect's feet. Id. at ¶¶ 34–35. When determining the presence of probable cause, we review the totality of the circumstances. Roth, 2006 ND 106, ¶ 13, 713 N.W.2d 513.

[¶ 17] In this case, Mehlhoff initiated a traffic stop based on information received from Bambenek. During the stop, Bambenek discovered, in plain view, what he thought to be drug paraphernalia and crack cocaine on the passenger seat and floor of Lark's vehicle. Based on these facts, there was probable cause to believe narcotic activity was afoot. Accordingly, considering the totality of the circumstances, the warrantless search of Lark's vehicle was justified under the automobile exception.

■ [¶ 18] Lark argued, and the district court agreed, the duration of the stop was problematic. However, the dispositive question concerning application of the automobile exception is whether probable cause supported the search. State v. Sommer, 2011 ND 151, ¶ 12, 800 N.W.2d 853. Here, the district court's analysis relied on the duration of a traffic stop in regards to cases where there was no probable cause.

[¶ 19] The district court found the continued search of the vehicle after the inconclusive narcotics test to be problematic. However, an inconclusive field test does not eliminate probable cause when considered with the other factors present. "When determining whether there is probable cause, the evidence should not be considered individually, but as a collective whole." *Doohen*, 2006 ND 239, ¶ 13, 724 N.W.2d 158. Probable cause is the sum total of layers of information, not weighed in individual layers, but in the laminated total. *State v. Wacht*, 2013 ND 126, ¶ 12, 833 N.W.2d 455 (internal citation omitted). Here, Lark was carrying nearly $8,400 in cash, three cell phones, and two rolled up dollar bills—one of which had a burnt end—and both bills appeared to have drug residue present.

[¶ 20] The district court appeared to rely on the subjective view of the officers rather than objectively review whether there was probable cause to search. From the officers' body camera footage and testimony at the suppression hearing, it appears the officers subjectively viewed the inconclusive test result as a bar to probable cause. Nevertheless, we conclude there was probable cause to search. The test for probable cause is an objective standard based on the totality of the circumstances. *See State v. Washington*, 2007 ND 138, ¶ 17, 737 N.W.2d 382 (recognizing an officer's subjective belief plays no role in ordinary probable cause Fourth Amendment analysis).

[¶ 21] Probable cause does not require the officer to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred. *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897 (citations omitted). The test is whether a reasonable person in the officer's posi-

tion would be justified by some objective manifestation in suspecting potential criminal activity. *Gregg*, 2000 ND 154, ¶ 27, 615 N.W.2d 515 (citation omitted). Moreover, even where the responding officers do not subjectively think they have probable cause, it can still be found under subsequent objective review. *See Sonsthagen v. Sprynczynatyk*, 2003 ND 90, ¶ 17, 663 N.W.2d 161 ("Whether probable cause exists is a question of law, fully reviewable on appeal.").

### III.

[¶ 22] The district court erred when it determined probable cause to search ceased upon receiving the inconclusive drug test result without considering the totality of the circumstances in an objective manner. We reverse the district court's order granting Lark's motion to suppress evidence.

[¶ 23] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen