# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 50

State of North Dakota,                                    Plaintiff and Appellee

v.

Alexis Dowdy,                                    Defendant and Appellant

No. 20180204

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Karlei K. Neufeld, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Danny L. Herbel, Bismarck, ND, for defendant and appellant.

**State v. Dowdy**

**No. 20180204**

**Crothers, Justice.**

[¶1]    Alexis Dowdy appeals from a judgment entered after she conditionally pled guilty to driving under the influence of alcohol.  Dowdy argues the arresting officer improperly added inaccurate and coercive language to the statutorily required implied consent advisory, and she did not voluntarily consent to chemical testing.  The district court found Dowdy was read a complete implied consent advisory and she voluntarily consented to chemical testing.  We affirm.

I

[¶2]    North Dakota Highway Patrol Officer Jeremy Rost stopped Dowdy in Bismarck for making an improper turn.  Dowdy admitted she consumed five alcoholic beverages.  After administering field sobriety tests, Rost arrested Dowdy for driving under the influence.  Rost read Dowdy the North Dakota implied consent advisory and took her to the Burleigh Morton detention center for a chemical breath test.  The test revealed Dowdy's blood alcohol concentration of 0.168 percent.

[¶3]    Dowdy moved to suppress the results of her chemical breath test, arguing Rost did not read her an accurate implied consent advisory.  She also argued she did not voluntarily consent to the breath test.  The district court denied Dowdy's motion after reviewing the evidence, including a video of the traffic stop.  The court found Rost read her an accurate and complete implied consent advisory and she voluntarily consented to the breath test.  Dowdy conditionally pled guilty to driving under the influence of alcohol.

II

[¶4]    Our standard of review for a district court's decision on a motion to suppress evidence is well established:

> "When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence."

*State v. James*, 2016 ND 68, ¶ 5, 876 N.W.2d 720 (quoting *City of Dickinson v. Hewson*, 2011 ND 187, ¶ 6, 803 N.W.2d 814). Whether a finding of fact meets a legal standard is a question of law, which is fully reviewable on appeal. *State v. White*, 2018 ND 266, ¶ 6, 920 N.W.2d 742.

### III

[¶5]   Dowdy argues the district court erred in denying her motion to suppress because Rost read her an inaccurate implied consent advisory. She also claims her consent to the chemical breath test was not voluntary because Rost's reading of the implied consent advisory coerced her into taking the test.

[¶6]   Dowdy asserts Rost failed to read her the implied consent advisory required under N.D.C.C. § 39-20-01(3)(a), and therefore, the evidence of her breath test was inadmissible. Section 39-20-01(3)(a), N.D.C.C., provides in part:

> "The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take a chemical test to determine whether the individual is under the influence of alcohol or drugs and that refusal of the individual to submit to a test directed by the law enforcement officer may result in a revocation of the individual's driving privileges for a minimum of one hundred eighty days and up to three years. In addition, the law enforcement officer shall inform the individual refusal to take a breath or urine test is a crime punishable in the same manner as driving under the influence."

If the officer fails to inform the individual charged as required under N.D.C.C. § 39-20-01(3)(a), the test results are "not admissible in any criminal or administrative proceeding." N.D.C.C. § 39-20-01(3)(b).

[¶7]   The voluntariness of a defendant's consent "must be determined by the totality of the circumstances." *State v. Fleckenstein*, 2018 ND 52, ¶ 9, 907 N.W.2d 365.

2

"The totality of the circumstances must be examined to determine voluntariness. The inquiry focuses on two non-determinative elements: (1) the characteristics and conditions of the accused at the time of the confession, including the age, sex, race, education level, physical or mental condition, and prior experience with police; and (2) the details of the setting in which the confession was obtained, including the duration and conditions of detention, police attitude toward the defendant, and the diverse pressures that sap the accused's powers of resistance or self-control."

*Id.* at ¶ 6 (quoting *State v. Syvertson*, 1999 ND 134, ¶ 20, 597 N.W.2d 652 (citations omitted)).

[¶8] After Rost arrested Dowdy, he read her the following implied consent advisory:

"<u>As a condition of operating a motor vehicle on a highway, or public or private area to which the public has a right of access to, you have consented to taking a test to determine whether you are under the influence of alcohol or drugs</u>. North Dakota law requires you to submit to a chemical test to determine whether you are under the influence of alcohol or drugs. Refusal to take the post-arrest breath test as directed by a law enforcement officer is a crime punishable in the same manner as DUI, <u>and includes being arrested</u>. I must also inform you that refusal to take the test directed by a law enforcement officer may result in a revocation of your driver's license for a minimum of 180 days and potentially up to three years."

(Emphasis added.)

[¶9] Dowdy argues the emphasized language added by Rost in his reading of the implied consent advisory was inaccurate and coercive. Dowdy asserts the additional language impaired her ability to make an informed decision on whether to consent to a chemical test.

[¶10] In *Korb v. N.D. Dep't of Transp.*, 2018 ND 226, ¶ 9, 918 N.W.2d 49, we addressed a similar argument relating to additional language in an officer's reading of the implied consent advisory:

"Korb argues the officer's statement that '[a]s a condition of operating a motor vehicle on a highway, or on a public or private area, to which the public has right of access to, you have consented to taking a test to determine whether you are under the influence of alcohol or

3

drugs,' was inaccurate, misleading, and did not comply with the 'specific warning' required by statute. Korb suggests that under *State v. O'Connor*, 2016 ND 72, 877 N.W.2d 312, any additional language to the implied consent advisory makes subsequent blood test evidence inadmissible. *O'Connor* is not that far reaching. *O'Connor* requires a specific warning from N.D.C.C. § 39-20-01(3)(a) be used in implied consent advisories. 2016 ND 72, ¶ 13, 877 N.W.2d 312. It does not require that the only words an officer may say are those written in N.D.C.C. § 39-20-01(3)(a)."

We concluded N.D.C.C. § 39-20-01(3) "provides only the mandatory language that must be included in the advisory." *Korb*, at ¶ 10. The additional language in the implied consent advisory was an accurate statement derived from N.D.C.C. § 39-20-01(1). *Korb*, at ¶ 11. We held that "[a]dditional information [in the implied consent advisory] must not materially mislead or coerce the driver. If the additional language provided by the officer is accurate, its presence does not alter the sufficiency of a complete, accurate implied consent advisory under N.D.C.C. § 39-20-01(3)." *Korb*, at ¶ 12.

[¶11] Here, the only difference between *Korb* and Rost's reading of the implied consent advisory was Rost's inclusion of "and includes being arrested." Dowdy was already under arrest for driving under the influence, and nothing in the record shows Dowdy would have been arrested again if she refused chemical testing.

[¶12] After reviewing the traffic stop video, the district court found "that the implied consent advisory given by Trooper Rost was a permissible reading, rendering it complete and compliant with North Dakota Century Code Section 39-20-01(3)." The court also found Dowdy voluntarily consented to the breath test administered by Rost. The court explained its findings:

> "Trooper Rost read Dowdy a complete advisory unlike the incomplete partial advisory read to the defendant in [*State v.*] *O'Connor*, [2016 ND 72, 877 N.W.2d 312]. . . . [I]n this case, Trooper Rost added expressions that were legally correct to an otherwise complete advisory. Trooper Rost did not omit any part of the advisory required by North Dakota Century Code Section 39-20-01[(3)](a). Therefore, Trooper Rost's reading of the Implied Consent Advisory complied with *O'Connor*, and the subsequent chemical test results are

4

not barred by North Dakota Century Code Section 39-20-01[(3)](b).

. . .

"The Court finds that under the totality of the circumstances, Dowdy voluntarily gave consent to Trooper Rost to administer chemical testing. First, Trooper Rost read Dowdy a complete Implied Consent Advisory. Second, Trooper Rost asked Dowdy multiple times if she understood what was taking place, and Dowdy affirmatively responded that she understood. As a result, the Court finds that Dowdy voluntarily gave consent to Trooper Rost to administer chemical testing."

[¶13] The district court reviewed the video from Dowdy's arrest, allowing the court to observe Dowdy's demeanor and the surrounding circumstances as they occurred during her arrest. The court found Rost read Dowdy a complete implied consent advisory that complied with N.D.C.C. § 39-20-01(3)(a). The court did not specifically find whether the additional language read by Rost materially misled or coerced Dowdy. However, after being informed of the additional words, the court found Dowdy voluntarily consented to the breath test, implying she was not coerced or misled.

[¶14] Under our deferential standard of review, sufficient competent evidence supports the district court's findings of fact, and the court's decision is not contrary to the manifest weight of the evidence.

IV

[¶15] The judgment is affirmed.

[¶16] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.

5