# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 255

State of North Dakota,                                            Plaintiff and Appellee

v.

Trevor Michael Bolme,                                       Defendant and Appellant

## No. 20200090

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Tatum O'Brien, Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Trevor Bolme appeals from a criminal judgment after entering a conditional guilty plea to possession of methamphetamine and unlawful possession of drug paraphernalia. Bolme argues the district court erred in denying his motion to suppress because law enforcement lacked reasonable suspicion to initiate a traffic stop based on a cracked windshield and lacked probable cause to search his vehicle based on the odor of marijuana. We conclude law enforcement had reasonable and articulable suspicion to stop and probable cause to conduct the search. We affirm the criminal judgment of the district court.

I

[¶2] At approximately 5:00 p.m. on October 3, 2019, a Lincoln Police Department officer was parked in his vehicle conducting stationary radar. As Bolme's vehicle passed, the officer noticed a glint of sunlight reflect off a spider web crack on the passenger side of Bolme's windshield. Based on the size the crack and the glare, the officer believed the driver's view was obstructed and he initiated a traffic stop. The officer did not observe any other traffic violations.

[¶3] Upon approaching the vehicle and speaking with Bolme, the officer detected the odor of raw marijuana emanating from the vehicle's interior. Bolme denied having marijuana in the vehicle and claimed he did not know why the car smelled like marijuana. Based on the odor of marijuana, the officer conducted a search of the vehicle. Methamphetamine and drug paraphernalia were seized during the search. Bolme was placed under arrest and charged with possession of methamphetamine and unlawful possession of drug paraphernalia, class C felonies.

[¶4] Bolme moved to suppress the evidence obtained during the search arguing his Fourth Amendment right to be free from unreasonable searches and seizures was violated. The district court denied Bolme's motion after

1

reviewing the evidence, including the officer's testimony, pictures of the vehicle's windshield, and video of the traffic stop and arrest. The court found the stop was justified because the officer had a reasonable and articulable suspicion Bolme had violated the law by having a view-obstructing crack on the windshield. Additionally, the court found the search was supported by probable cause based on an odor of marijuana. After the court's denial of his motion to suppress, Bolme entered a conditional plea of guilty preserving his right to appeal.

## II

[¶5]   When reviewing a district court's decision on a motion to suppress, we defer to the court's findings of fact and resolve conflicts in testimony in favor of affirmance. *State v. Dowdy*, 2019 ND 50, ¶ 4, 923 N.W.2d 109. This Court will affirm the district court's decision on a motion to suppress unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence. *State v. Selzler*, 2020 ND 123, ¶ 7, 943 N.W.2d 762. Whether a finding of fact meets a legal standard is a question of law, which is fully reviewable on appeal. *State v. White*, 2018 ND 266, ¶ 6, 920 N.W.2d 742. Whether law enforcement violated constitutional prohibitions against unreasonable search and seizure is a question of law. *State v. Uran*, 2008 ND 223, ¶ 5, 758 N.W.2d 727.

## III

[¶6]   Bolme argues the court erred in denying his motion to suppress because there was no valid basis for the stop. Bolme asserts a cracked windshield is not a violation under North Dakota law. He also contends no objective, reasonable person would have suspected Bolme's vision was limited or obstructed based on a small crack on the passenger side of the windshield.

[¶7]   To initiate a valid stop of a moving vehicle for investigative purposes, an officer must have a reasonable and articulable suspicion that a law has been or is being violated. *Sturn v. N.D. Dep't of Transp.*, 2009 ND 39, ¶ 9, 763 N.W.2d 515. Determining whether an officer had a reasonable and articulable suspicion is a fact-specific inquiry and is evaluated under an objective standard

2

based on the totality of the circumstances. *State v. Bornsen*, 2018 ND 256, ¶ 5, 920 N.W.2d 314. "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity." *State v. Asbach*, 2015 ND 280, ¶ 12, 871 N.W.2d 820 (quoting *State v. Deviley*, 2011 ND 182, ¶ 8, 803 N.W.2d 561).

[¶8]    Reasonable suspicion of a minor traffic violation will provide a sufficient basis to justify a stop. *State v. Leher*, 2002 ND 171, ¶ 12, 653 N.W.2d 56. A traffic stop may also be valid in the absence of a traffic violation where "an officer's objectively reasonable mistake, whether of fact or law, may provide the reasonable suspicion necessary to justify a traffic stop." *State v. Hirschkorn*, 2016 ND 117, ¶ 14, 881 N.W.2d 244. "[T]he reasonable suspicion standard does not require an officer to see a motorist violating a traffic law or to rule out every potential innocent excuse for the behavior in question before stopping a vehicle for investigation." *Kappel v. Dir., N.D. Dep't of Transp.*, 1999 ND 213, ¶ 10, 602 N.W.2d 718. The actual commission of a crime is not required to support a finding of reasonable suspicion. *State v. Morsette*, 2019 ND 84, ¶ 6, 924 N.W.2d 434.

[¶9]    Bolme argues the small crack on the passenger side of the vehicle was not a violation of N.D.C.C. § 39-21-39(1) as asserted by the officer and that the officer's belief there was a violation was not an objectively reasonable mistake. North Dakota's law requires all motor vehicles be equipped with a windshield. N.D.C.C. § 39-21-39(1). "An individual may not drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or side or rear windows which obstructs the driver's clear view of the highway or any intersecting highway." N.D.C.C. § 39-21-39(1).

[¶10] This Court has not previously determined whether operating a motor vehicle with a cracked windshield is a violation of N.D.C.C. § 39-21-39(1). However, several other courts have interpreted nearly identical statutes to conclude that a crack is not included within the definition of nontransparent material. *State v. Elmore*, 241 Or.App. 419, 426, 250 P.3d 439, 443 (2011) (concluding a windshield crack is not "any material ... upon any vehicle

3

window" because it is not a tangible physical object separate from the window itself); *U.S. v. Whiteside*, 22 Fed.Appx. 453, 458 (6th Cir. 2001) (noting concession that a windshield crack does not violate ordinance prohibiting "any sign, poster or other nontransparent material upon the front windshield"); *State v. Carpenter*, 231 Kan. 235, 642 P.2d 998, 1001 (1982) (a windshield crack does not violate statute prohibiting driving "any motor vehicle with any sign, poster or other non-transparent material upon the front windshield, side wings or side or rear windows"); *State v. Jones*, 97 Wash.App. 1025 (Wash. Ct. App. 1999) (per curiam) (operating a vehicle with a cracked windshield does not violate the statute prohibiting driving "any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or side or rear windows"); *State v. Cantsee*, 130 Nev. 210, 321 P.3d 888, 891 (2014) (driving with a cracked windshield does not violate prohibition on "driving a vehicle 'with any sign, poster or other nontransparent material upon the front windshield'"); *J.D.I. v. State*, 77 So.3d 610, 615-16 (Ala.Crim.App. 2011) ("Despite any possible legislative intent, cracks or dings in windshields are not included as improper obstructions within" the plain meaning of statute stating "[n]o person shall drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, sidewings, or side or rear windows"); *see also State v. Moser*, 20 Neb.App. 209, 822 N.W.2d 424, 434 (2012) ("This statute makes it unlawful to have any material, such as a sign or poster, on the windshield and is arguably not referring to the windshield itself."). While we refrain from determining whether operating a motor vehicle with a crack may constitute a violation under a different statutory provision, we are persuaded by the preceding decisions that operating a motor vehicle with a crack in the windshield is not a violation of N.D.C.C. § 39-21-39(1).

[¶11] Our conclusion that the cracked windshield was not a violation of N.D.C.C. § 39-21-39(1) does not end our review. The district court found the officer had a reasonable, articulable suspicion sufficient to justify the stop of Bolme's vehicle based on the cracked windshield. In reaching that finding, the court noted it was not objectively unreasonable for the officer to believe the crack on Bolme's windshield would make it difficult for a driver to see the roadway on that side of the windshield and that the officer had an objectively reasonable belief that such an obstruction was a violation of North Dakota law

prohibiting drivers from having nontransparent material on a windshield that obstructs a driver's clear view. The court findings on the objectively reasonable belief of the officer were as follows:

> Officer Seim had a reasonable suspicion that Bolme was driving in violation of the law based on what he observed at the time of the stop. While pictures in retrospect may show a crack that seems less significant, this does not change the fact that at the time of the stop, Officer Seim observed a crack he believed obstructed the driver's view out of the windshield. Further, whether or not Bolme violated any traffic laws, or actually had a view-obstructing crack in his windshield, does not control whether Officer Seim had the reasonable suspicion necessary to justify the traffic stop.

[¶12] Under our deferential standard of review, the district court's findings of fact are affirmed. The court did not err in finding the officer's belief the law prohibits a cracked windshield which obstructs a driver's clear view was objectively reasonable under these circumstances. *See Hirschkorn*, 2016 ND 117, ¶ 14 ("Whether a driver committed a traffic violation does not control whether an officer had the reasonable suspicion necessary to justify a traffic stop."). Prior to this case, we had not interpreted N.D.C.C. § 39-21-39(1) with respect to cracked windshields. While we have concluded that operating a motor vehicle with a cracked windshield is not a violation of N.D.C.C. § 39-21-39(1), absent the determination provided by this opinion, it was not objectively unreasonable for the officer to believe a violation occurred.

[¶13] We conclude there is sufficient competent evidence capable of supporting the court's findings, and these findings meet the legal standard for reasonable suspicion to justify the traffic stop.

IV

[¶14] Bolme argues the court erred in denying his motion to suppress because the warrantless search of his vehicle was unconstitutional. Bolme contends an odor of marijuana, without other indicators, no longer provides probable cause to search a vehicle. Bolme's argument that odor of marijuana is no longer sufficient for a finding of probable cause is dependent on the assertion

5

possessing a small amount of marijuana was decriminalized during the 2019 legislative session.

[¶15] "Under the automobile exception, law enforcement may search for illegal contraband without a warrant when probable cause exists." *State v. Doohen*, 2006 ND 239, ¶ 10, 724 N.W.2d 158. "Probable cause to search exists if it is established that certain identifiable objects are probably connected with criminal activity and are probably to be found at the present time at an identifiable place." *Roth v. State*, 2006 ND 106, ¶ 13, 713 N.W.2d 513 (internal citation omitted). When a search is made with probable cause, based on a reasonable belief arising out of the circumstances known to the officer that the automobile contains articles that are subject to seizure, the search is valid. *State v. Reis*, 2014 ND 30, ¶ 15, 842 N.W.2d 845. This Court has previously held the mere odor of marijuana, detected by a trained and experienced officer, creates a sufficient factual basis to establish probable cause. *See State v. Schmalz*, 2008 ND 27, ¶ 20, 744 N.W.2d 734; *State v. Binns*, 194 N.W.2d 756, 758 (N.D. 1972); *State v. Overby*, 1999 ND 47, ¶ 13, 590 N.W.2d 703.

[¶16] Since August 1, 2019, the penalty for possession of less than one-half ounce, or 14.175 grams, of marijuana has been reduced to an infraction offense. N.D.C.C. § 19-03.1-23(7)(d)(1). Before August 1, 2019, possession of a similar amount of marijuana was a class B misdemeanor. S.L. 2019, ch. 186 (H.B. 1050), § 3. An infraction is a criminal offense under North Dakota law. *State v. Brown*, 2009 ND 150, ¶ 48, 771 N.W.2d 267; N.D.C.C. § 12.1-32-01(7). Contrary to Bolme's assertion, possession of less than one-half ounce of marijuana was not decriminalized when the penalty was reduced to an infraction because an infraction is a criminal offense. *Brown*, at ¶ 48.

[¶17] This Court's prior cases determining the odor of marijuana establishes probable cause are controlling. *Schmalz*, 2008 ND 27, ¶ 20, 744 N.W.2d 734; *Binns*, 194 N.W.2d 756, 758 (N.D. 1972); *Overby*, 1999 ND 47, ¶ 13, 590 N.W.2d 703. The odor of marijuana provides law enforcement probable cause to search a vehicle. *Id.*

6

[¶18] The officer detected an odor of raw marijuana emanating from the interior of the vehicle during the traffic stop. The court determined the officer was trained in identifying the odor of marijuana in its raw and burnt form. Based on these facts, there was probable cause to believe criminal activity was afoot. We affirm the district court's denial to suppress evidence.

V

[¶19] Although we have concluded that operating a motor vehicle with a cracked windshield is not a violation of N.D.C.C. § 39-21-39(1), the observation of a cracked windshield on Bolme's vehicle prior to this opinion provided a reasonable and articulable suspicion for the officer to initiate a traffic stop. The smell of raw marijuana provided probable cause for the search of Bolme's vehicle. The court did not err in denying Bolme's motion to suppress and we affirm the judgment.

[¶20] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte